George Kevin GRIFFIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7291.

Court of Appeals of Alaska.

Feb. 9, 2001.

Dan S. Bair, Law Offices of Dan S. Bair, Anchorage, for Appellant.

W.H. Hawley, Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*REVISED OPINION*

COATS, Chief Judge.

Every person convicted of a crime in Alaska has the right to apply for post-conviction relief.[1] If the person is indigent, the person is entitled to court-appointed counsel to help investigate and litigate the post-conviction relief application.[2] But the Alaska Legislature enacted Criminal Rule 35.1(e)(2) to curb the litigation of frivolous post-conviction relief applications at public expense.

Under Rule 35.1(e)(2), an attorney who is appointed to represent an indigent petitioner for post-conviction relief has sixty days to do one of three things: (1) notify the court and the prosecuting attorney that the litigation will go forward based on the grounds alleged in the *pro se* application already filed by the petitioner; (2) file an amended petition containing the allegations that the attorney is prepared to pursue; or (3) file a certificate stating that there is no arguable merit to the litigation.

The contents of this "no-merit" certificate are prescribed in subsection (e)(2)(B) of the rule. According to subsection (e)(2)(B), the certificate must state that the attorney:

(i) does not have a conflict of interest;

(ii) has completed a review of the facts and law in the underlying proceeding or action challenged in the application;

(iii) has consulted with the applicant and, if appropriate, with trial counsel; and

(iv) has determined that the application does not allege a colorable claim for relief.

Griffin is an indigent defendant whose application for post-conviction relief was dismissed after his court-appointed attorney filed such a no-merit certificate. In this appeal, Griffin argues that the procedure

prescribed by Criminal Rule 35.1(e)(2)(B) is not adequate to ensure that an indigent petitioner for post-conviction relief receives effective assistance of counsel. He argues that we should enforce the rule announced in *Hertz v. State,* 755 P.2d 406 (Alaska 1988)—the rule that an attorney representing an indigent petitioner for post-conviction relief should never be allowed to withdraw, but should be required to pursue the petition even if the attorney has concluded that it is frivolous.

For the reasons explained here, we hold that the procedures established in Criminal Rule 35.1(e) and (f) supersede the *Hertz* rule. However, we also conclude that a certificate filed under Rule 35.1(e)(2)(B) must contain a detailed explanation of why the attorney has concluded that the petitioner has no colorable grounds for post-conviction relief.

*The federal approach to this problem in the context of publicly funded counsel on direct appeal: Anders v. California and Smith v. Robbins*

In a series of cases beginning with *Anders v. California*[3] and currently ending with *Smith v. Robbins,*[4] the United States Supreme Court has held that an indigent person's right to the effective assistance of counsel on direct appeal is not adequately protected when state law allows an attorney to withdraw from the case based solely on the attorney's unelaborated declaration that the appeal has no merit.

The Supreme Court acknowledged the states' legitimate interest in "protect[ing] ... [themselves] so that frivolous appeals are not subsidized ... [by] public moneys."[5] Accordingly, "an indigent whose appeal is frivolous has no right to have a[ ] [publicly-funded] advocate" pursue the appeal through the state appellate courts.[6] But the Supreme

---

1. *See* AS 12.72.010–040.

2. *See* AS 18.85.100(c).

3. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) *limited by Smith v. Robbins,* 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

4. 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

5. *Id.,* 528 U.S. at 278, 120 S.Ct. at 760 (quoting *Griffin v. Illinois,* 351 U.S. 12, 24, 76 S.Ct. 585, 100 L.Ed. 891 (1956)(Frankfurter, J., concurring in judgment)).

6. *Robbins,* 528 U.S. at 278 n. 10, 120 S.Ct. at 760 n. 10.

Court declared that, before an appeal can properly be labeled "frivolous," the indigent litigant must, "in all cases, ... [be accorded] the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern [any] nonfrivolous arguments." [7]

The problem, then, is to determine how the courts can discharge their constitutional duty to distinguish frivolous appeals from those that have colorable merit—so that indigents in fact receive the effective assistance of counsel to aid them in presenting all non-frivolous appeals.

In *Anders*, the Supreme Court struck down a California procedure that allowed the indigent's attorney "to withdraw upon filing a conclusory letter stating that the appeal had 'no merit' and [that] permitted the appellate court to affirm the [indigent's] conviction ... [if,] following ... [its own] review of the record," the appellate court reached the same conclusion.[8] In place of this procedure, the Supreme Court suggested a substitute procedure that would satisfy the Constitution's command:

> [The attorney's request to withdraw] must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time [should be] allowed [for] him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.[9]

It is now clear that the Supreme Court did not intend the precise details of the *Anders* procedure to be binding on the states.[10] Rather, as the Court recently clarified, "the *Anders* procedure is merely one method of satisfying the requirements of the Constitution for indigent criminal appeals. States may ... craft procedures that ... are superior to, or at least as good as, that in *Anders*. The Constitution erects no barrier to their doing so." [11]

What, then, is the minimum that the federal Constitution requires? In *Robbins*, the Court stated that a state's procedure must "afford adequate and effective appellate review to indigent defendants" [12]—meaning that the procedure must "reasonably ensure[ ] that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." [13]

The Court then suggested that the state procedure should require a two-tier review of the indigent's case: both the attorney and the court being obliged to determine whether the appeal is frivolous.[14] Because an indigent litigant can be deprived of appointed appellate counsel only if the appeal is truly frivolous, the Court was careful to distinguish between (1) the conclusion that an appeal has "no merit," in the sense that an appellate court will likely rule against the claims raised in the appeal, and (2) the conclusion that an appeal is "frivolous"—*i.e.*, that no reasonable argument can be made in favor of the appeal.[15] Moreover, the Supreme Court cautioned that an appellate court must not grant the attorney's motion to withdraw until the court has independently assessed the case and likewise reached the conclusion that the appeal is frivolous.[16]

### *This court's previous approach to the problem: Hertz v. State*

The *Anders–Robbins* line of cases is binding on the states with regard to an indi-

7. *Id.*

8. *Id.*, 528 U.S. at 264, 120 S.Ct. at 753.

9. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

10. *See Robbins*, 528 U.S. at 265, 120 S.Ct. at 753.

11. *Id.*

12. *Id.*, 528 U.S. at 276, 120 S.Ct. at 759 (quoting *Griffin*, 351 U.S. at 17–18, 20, 76 S.Ct. 585, 100 L.Ed. 891) (plurality opinion).

13. *Id.*, 528 U.S. at 277, 120 S.Ct. at 759.

14. *Id.*, 528 U.S. at 279–281, 120 S.Ct. at 761–62.

15. *See id.*, 528 U.S. at 279–281, 120 S.Ct. at 761, 762.

16. *See id.*, 528 U.S. at 279–280, 120 S.Ct. at 761.

gent defendant's right to the assistance of counsel on direct appeal. But petitions for post-conviction relief present a different situation. Under Alaska law, indigent petitioners for post-conviction relief have the right to competent counsel at public expense.[17] But there is no federal right to counsel in post-conviction relief proceedings.[18] Thus, the *Anders–Robbins* line of cases does not answer the question of how to protect an indigent's right to counsel in a post-conviction relief proceeding when the petitioner's court-appointed attorney concludes that the petitioner has no arguable claim.

In *Hertz v. State*,[19] this court was asked to decide whether to require the *Anders* procedure, or something akin to it, when a court-appointed attorney asks the superior court for permission to withdraw from a post-conviction relief case on the ground that the litigation is frivolous. We rejected the *Anders* approach and adopted the rule that a petitioner's attorney must pursue the litigation even if the attorney believes that it is frivolous.[20] We adopted this rule for two main reasons.

First, *Anders* requires the trial court to independently assess the attorney's declaration that the direct appeal is frivolous. But it is much harder for a court to independently assess the merit (or lack of merit) of a post-conviction relief petition than it is for the court to assess the merit of an appeal.[21]

An appeal is always resolved on a discrete set of facts—the record of the already-completed trial court proceedings. To assess the merit of the appeal, one applies the law to those facts. Of course, it is possible that a judge may fail to perceive all of the potential legal problems in the proceedings, or all of the legal attacks that might possibly be made against the underlying conviction. But at least all the cards are on the table.

Petitions for post-conviction relief present a more difficult problem. Most petitions are based on facts outside the trial record. Indeed, an attorney representing a petitioner for post-conviction relief often must investigate the case anew—*i.e.*, review documents from police files, interview or depose witnesses, and fully interview the petitioner—to determine the petitioner's potential claims and to evaluate the arguable merit of those claims.

Even if the petitioner's attorney were to file an *Anders* brief (a full explanation of why the attorney concluded that the petitioner had no arguable claims), the reviewing court would then face the arduous task of reconstructing and second-guessing the attorney's investigation. Potentially, this process would require the court to assume an inquisitorial role—deposing witnesses and subpoenaing records. In our Anglo–American system of government, such activities are normally thought to be antithetical to the proper role of courts in criminal proceedings.

Second, this court concluded that there was little functional difference between the *Anders* procedure and the normal way of resolving the case through judgment on the pleadings.[22] Under the *Anders* procedure, if the attorney concludes that the litigation is frivolous, the attorney must file a brief that fully explains why the petitioner has no colorable claims, and then the court must independently review the attorney's assessment. Under the normal post-conviction relief litigation procedures spelled out in Criminal Rule 35.1 and amplified in *State v. Jones*,[23] the petitioner's attorney files pleadings which, for the most part, serve the same function as an *Anders* brief—portraying the case in the best possible light for the petitioner, but without making the explicit assertion that the attorney believes the case has no arguable merit. If, indeed, the petitioner's claims have no arguable merit, the court

**17.** *See* AS 18.85.100(c); *Grinols v. State*, 10 P.3d 600, 618 (Alaska App.2000).

**18.** *See Pennsylvania v. Finley*, 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); *Grinols*, 10 P.3d at 612, 614.

**19.** 755 P.2d 406 (Alaska App.1988).

**20.** *See id.* at 409.

**21.** *See id.* at 408–09.

**22.** *See id.* at 409 (main opinion), 410–11 (Bryner, C.J., concurring).

**23.** 759 P.2d 558 (Alaska App.1988).

is authorized to dismiss the petition for failing to state any ground that justifies relief.[24]

### Our analysis of Criminal Rule 35.1(e)–(f)

As explained above, Criminal Rule 35.1(e)(2) places a special obligation on attorneys who are appointed to represent indigent petitioners for post-conviction relief. Within sixty days of the attorney's appointment, the attorney must (1) notify the court and the prosecuting attorney that the litigation will go forward based on the grounds alleged in the *pro se* application already filed by the petitioner; (2) file an amended petition containing the allegations that the attorney is prepared to pursue; or (3) file a certificate stating that the attorney:

(i) does not have a conflict of interest;

(ii) has completed a review of the facts and law in the underlying proceeding or action challenged in the application;

(iii) has consulted with the applicant and, if appropriate, with trial counsel; and

(iv) has determined that the application does not allege a colorable claim for relief.

Initially, we note that this fourth clause—the clause that calls on the attorney to declare that "the application does not allege a colorable claim for relief"—cannot be read literally. For even though an attorney may rightly conclude that the petitioner's existing application for post-conviction relief fails to allege a single colorable claim, the attorney's obligation to the petitioner does not end here. Rule 35.1(e)(2)(A) requires the attorney to file an *amended* application if there are other claims that can reasonably be argued on the petitioner's behalf.

■ Thus, in order for an attorney to discharge the attorney's obligation to the client under Criminal Rule 35.1(e)(2), the attorney's certificate must assert that there is no colorable claim for post-conviction relief that can be raised on behalf of the petitioner. In other words, the attorney must certify both that the petitioner's "[existing] application does not allege a colorable claim for relief"

*and* that the application cannot be amended to assert one or more colorable claims for relief. ·

With this clarification of Rule 35.1(e)(2)(B)(iv), we turn to the primary question raised in this appeal.

Griffin argues that we should reject the procedure specified in Rule 35.1(e)(2)(B) in favor of the procedure adopted in *Hertz*. That is, Griffin contends that an attorney who represents an indigent petitioner for post-conviction relief should never be allowed to withdraw, even if the attorney rightly concludes that the litigation is frivolous.

■ We reject Griffin's argument because, once the legislature has lawfully enacted a procedural rule, we are not at liberty to substitute another procedure simply because we believe it might be better. We have no authority to reject the procedure specified in Criminal Rule 35.1(e)(2) unless that procedure violates the constitution.

In *Anders*, the United States Supreme Court adopted a procedure to protect an indigent litigant's right to counsel on appeal—a procedure designed to ensure that an indigent's appeal receives fair and meaningful evaluation, based on the merits of the case, before a court allows the appeal to be dismissed as frivolous. But as the Supreme Court's later cases have clarified, the *Anders* procedure is not the sole procedure that will satisfy these constitutional concerns. Other procedures can (and have) been adopted by the states and approved by the Supreme Court.[25]

■ We view our decision in *Hertz* in much the same light. *Hertz*, too, was concerned with the problem of ensuring that indigent petitioners for post-conviction relief receive the effective assistance of counsel guaranteed by Alaska law. Courts have the constitutional responsibility to make sure that an indigent defendant's application for post-conviction is "resolved in a way that is

24. *See Jones*, 759 P.2d at 565.

25. *See e.g., McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 108 S.Ct. 1895, 100

L.Ed.2d 440 (1988); *Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756.

related to the merit" of the petition [26]—not dismissed simply because the defendant's attorney is unwilling to devote the necessary effort to the case. But the solution adopted in *Hertz*—the rule forbidding the attorney to withdraw under any circumstances—is not the only procedure that could satisfy these constitutional concerns.

Under the *Hertz* rule, courts no longer had to worry about attorneys abandoning their indigent clients without good cause. But this rule came with a cost: it required attorneys to pursue frivolous litigation despite the fact that the Rules of Professional Conduct forbid this,[27] and it required the government to research and answer frivolous petitions for post-conviction relief. The *Hertz* court could justifiably conclude that these costs were reasonable, in view of the goal to be attained. But this does not mean that the legislature acted unreasonably or unconstitutionally when it concluded that the balance should be struck elsewhere.

Criminal Rule 35.1(e)(2) does not suffer from the main defect condemned in *Anders* and *Hertz*. The rule does not permit attorneys to withdraw merely upon their declaration that the case is frivolous. Attorneys must assert that they have no conflict of interest, that they have investigated the facts and the law, and that they have concluded that there are no arguable grounds for post-conviction relief.

Moreover, Criminal Rule 35.1 mandates the two-tiered review described by the United States Supreme Court in *Robbins*. Even when an attorney files the certificate described in Rule 35.1(e)(2)(B), the trial court is prohibited from allowing the attorney to withdraw until the court has independently examined the potential merits of the case and has likewise concluded that the petitioner has no colorable claim.[28]

Under Criminal Rule 35.1(f)(2), when an indigent petitioner's attorney files a "no-merit" certificate, the court must independently assess whether "it appears ... that the applicant is not entitled to relief." And even if the court tentatively agrees that the case is frivolous, Rule 35.1(f)(2) requires the court to notify the parties of "its intention to permit counsel to withdraw and [to] dismiss the application," and to explain its reasons for doing so. The petitioner is then given an opportunity to respond to the proposed dismissal.[29] Only after the court considers the petitioner's response (and still concludes that the petitioner has no colorable claim) can the court dismiss the application and allow the attorney to withdraw.[30]

Thus, on its face, the procedure established in Criminal Rule 35.1(e)–(f) appears sufficient to protect indigent petitioners' right to the effective assistance of counsel while at the same time advancing the policy of saving the state from financing frivolous litigation. Nevertheless, we perceive one crucial flaw in the procedure.

■ As explained above, an indigent petitioner for post-conviction relief has a right to the effective assistance of counsel, and thus the court has a duty to independently assess the potential merits of the petitioner's case whenever the petitioner's court-appointed attorney declares that the litigation is frivolous and asks permission to withdraw. Rule 35.1(f)(2) in fact requires the trial court to perform this independent assessment. But if the attorney is permitted to file a certificate containing only the four bare assertions listed in Rule 35.1(e)(2)(B)(i)–(iv) (even with the expanded interpretation we have given to (B)(iv)), it will be impossible for the trial court to perform the independent assessment required by Rule 35.1(f)(2).

---

**26.** *Cf. Robbins,* 120 S.Ct. at 759 (discussing direct appeals).

**27.** *See* Alaska R. Prof'l Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous[ .]"); Alaska R. Prof'l Conduct 1.16(a) (Unless a tribunal orders an attorney to continue, "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if ... (1) the representation will result in violation of the rules of professional conduct.").

**28.** *See* Alaska R.Crim.P. 35.1(f)(2).

**29.** *See id.*

**30.** *See id.*

The independent judicial assessment required by Rule 35.1(f)(2) is crucial to the protection of indigent petitioners' right to counsel. For, as the United States Supreme Court explained in *Robbins*, the right to counsel includes "the right to have an attorney, zealous for the indigent's interests, evaluate [the] case and attempt to discern [any] nonfrivolous arguments." [31] Protection of this right to a zealous advocate is especially important because, under Alaska law, a defendant is normally entitled to only one petition for post-conviction relief.[32]

In order for the court to perform its role under Rule 35.1(f)(2)—and thereby fulfill its duty to make sure that indigent litigants do in fact receive zealous investigation and presentation of any colorable claims for post-conviction relief—the attorney seeking to withdraw from the case must provide the court with a full explanation of all the claims the attorney has considered and why the attorney has concluded that these claims are frivolous. Only then can the court meaningfully assess and independently evaluate the attorney's assertion that the petitioner has no arguable claim to raise.

To reconcile Rule 35.1(e)(2)(B) with Rule 35.1(f)(2), and to avoid the constitutional problems that would arise if we interpreted Rule 35.1(e)(2)(B) narrowly, we hold that the "certificate" described in Rule 35.1(e)(2)(B) must fully explain why the attorney believes that the petitioner has no colorable claim to post-conviction relief. But having construed Rule 35.1(e)(2)(B) in this fashion, we hold that the procedure described in Criminal Rule 35.1(e) and (f) is constitutional and that it supersedes the rule adopted by this court in *Hertz*.

Because the "no-merit" certificate filed by Griffin's attorney did not comply with Rule 35.1(e)(2)(B) as we have interpreted it here, we VACATE the superior court's dismissal of Griffin's petition for post-conviction relief and we REMAND this case to the superior court for further proceedings consistent with this opinion.

---

**31.** *Robbins*, 528 U.S. at 278 n. 10, 120 S.Ct. at 760 n. 10.

**32.** *See* AS 12.72.020(a)(6).