James T. GOLDSBURY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8528.

Court of Appeals of Alaska.

June 18, 2004.

Michael P. Heiser, Ketchikan, for the Appellant.

29. *Id.*

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

This case has a tortured procedural history. James T. Goldsbury filed a petition for post-conviction relief, and his current attorney was appointed to represent him. After investigating the case, Goldsbury's attorney filed a certificate conceding that Goldsbury had no arguable claim for relief. Notwithstanding this concession, Goldsbury's attorney proceeded to appeal the superior court's dismissal of the post-conviction relief action. Then, in his reply brief, Goldsbury's attorney conceded that Goldsbury has no non-frivolous issues to raise in this appeal.

Although Goldsbury's attorney has now twice conceded (once to the superior court, and now to this Court) that Goldsbury has no non-frivolous claims for relief, we have independently reviewed the record of the post-conviction relief proceedings, and we conclude that procedural error was committed. The superior court failed to require Goldsbury's attorney to give a detailed explanation of why the attorney concluded that Goldsbury had no arguable claims for relief. We accordingly vacate the decision of the superior court and remand this case to the superior court for further proceedings.

In *Griffin v. State*, 18 P.3d 71 (Alaska App.2001), we addressed and clarified the obligations placed on an attorney who is appointed to represent an indigent petitioner for post-conviction relief. Alaska Criminal Rule 35.1(e)(2)(B) declares that if the attorney, after investigating the case, concludes that the defendant has no non-frivolous claims for post-conviction relief, the attorney must file a certificate declaring this fact. However, when the attorney files this kind of certificate, Criminal Rule 35.1(f)(2) requires the superior court to independently assess

the potential merits of the defendant's case. In *Griffin*, we concluded that it was impossible for the superior court to carry out this duty unless the attorney's certificate contained substantially more than a bare-bones assertion that the defendant has no arguable claims for relief:

> [I]f the [defendant's] attorney is permitted to file a certificate containing only the four bare assertions listed in [Criminal] Rule 35.1(e)(2)(B)(i)-(iv) ..., it will be impossible for the trial court to perform the independent assessment required by Rule 35.1(f)(2).
>
> ...
>
> In order for the court to perform its role under Rule 35.1(f)(2)—and thereby fulfill its duty to make sure that indigent litigants do in fact receive zealous investigation and presentation of any colorable claims for post-conviction relief—the attorney seeking to withdraw from the case must provide the court with a full explanation of all the claims the attorney has considered and why the attorney has concluded that these claims are frivolous. Only then can the court meaningfully assess and independently evaluate the attorney's assertion that the petitioner has no arguable claim to raise.
>
> To reconcile Rule 35.1(e)(2)(B) with Rule 35.1(f)(2), and to avoid the constitutional problems that would arise if we interpreted Rule 35.1(e)(2)(B) narrowly, we hold that the "certificate" described in Rule 35.1(e)(2)(B) must fully explain why the attorney believes that the petitioner has no colorable claim to post-conviction relief.

*Griffin*, 18 P.3d at 76–77.

The State concedes that the certificate filed by Goldsbury's attorney does not satisfactorily explain why the attorney concluded that Goldsbury had no arguable claim for post-conviction relief. The test is whether the attorney's certificate contained sufficient detail to allow the superior court to fulfill its duty to independently assess whether Goldsbury had any potentially arguable claims for relief. We have reviewed the certificate, and

we conclude that the State's concession of error is well-founded.[1]

For instance, Goldsbury's initial pro se petition for post-conviction relief contained assertions that his trial attorney (1) failed to cross-examine one or more police officers concerning their personal involvement with other members of Goldsbury's family, (2) failed to investigate whether there was evidence to corroborate Goldsbury's version of events, (3) waited until the eleventh hour to begin work on Goldsbury's case, and then (4) spent only three hours preparing for trial. The "no merit" certificate filed by Goldsbury's post-conviction relief attorney dealt with all of these allegations in a single paragraph:

> [Goldsbury] has made several ineffective assistance [of counsel] claims related to evidence and witness statements produced at trial. I consulted with [the] defendant's trial attorney ..., and she recalls having reasons for doing or not doing the actions set forth by [the] defendant. For instance, she decided that [she] could not convince a jury that the police were lying. All the questionable actions appear to be tactical decisions and [these] actions would not likely [have] change[d] the outcome of this matter. [Under Alaska law, a] defendant has the burden of proving his counsel's lack of competence by clear and convincing evidence.... Accordingly, I do not believe [that] these claims could succeed.

This sort of conclusory explanation does not allow the superior court to independently and meaningfully evaluate the potential merit of Goldsbury's claims. The attorney's explanation failed to address any of Goldsbury's claims in an identifiable way. For instance, when Goldsbury's attorney asserts that the trial attorney "decided that [she] could not convince a jury that the police were lying", it is impossible to tell whether the trial attorney was responding to Goldsbury's claim that she failed to cross-examine the police officers about their personal involvement with members of Goldsbury's family or, instead, Goldsbury's claim that the trial attorney failed to

investigate whether there was evidence to corroborate Goldsbury's version of events.

Turning to Goldsbury's claim that his trial attorney worked on the case for only three hours just before trial, the post-conviction relief attorney's certificate did not even identify this claim individually. Moreover, the attorney attempted to dispose of this claim with one conclusory sentence, "All the questionable actions appear to be tactical decisions [of the trial attorney,] and [these] actions would not likely [have] change[d] the outcome of this matter."

The post-conviction relief attorney then addressed Goldsbury's claim that the district attorney made false statements in the State's sentencing memorandum (false statements which Goldsbury's trial attorney apparently failed to rebut):

> [Goldsbury] also claims that [the district attorney] made false statements in the State's Sentencing Memorandum. It appears that none of the statements made in the sentencing memorandum are deliberately false or misleading. [Moreover, this] information was not given to [the] jury[, nor did it affect the defendant's] conviction in any way.

From the attorney's certificate, it is impossible to determine what statements Goldsbury believed were false, and it is likewise impossible to determine how or why the post-conviction relief attorney concluded that none of Goldsbury's assertions of falsity had any arguable merit. Indeed, only one thing is clear from this paragraph of the attorney's certificate: the attorney failed to understand that Goldsbury did not have to prove that the jury's decision was affected by false statements; rather, Goldsbury could obtain post-conviction relief if he showed that *the sentencing judge's decision* was affected by false statements.

In short, the attorney's certificate was so conclusory, so lacking in factual detail and explanation, that it was impossible for the superior court to fulfill the duty imposed by Criminal Rule 35.1(f)(2): the duty to independently assess the potential merit of Goldsbury's claims. The superior court

---

1. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972) (holding that an appellate court must independently assess the State's concession of error in a criminal case).

should not have dismissed Goldsbury's petition for post-conviction relief based on this certificate. Rather, the court should have required Goldsbury's attorney to provide a more detailed explanation of the facts of the case and the reasons why the attorney concluded that these facts gave rise to only frivolous claims.

Accordingly, we VACATE the decision of the superior court and we reinstate Goldsbury's petition for post-conviction relief. This case is remanded to the superior court for further proceedings consistent with *Griffin* and with this opinion.

In addition, the superior court should consider whether, given the circumstances of this case, a new attorney should be appointed to represent Goldsbury during these further proceedings.