**Rudy P. ONE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8824.

Court of Appeals of Alaska.

Jan. 13, 2006.

Averil Lerman, Assistant Public Advocate, and Joshua P. Fink, Public Advocate, Anchorage, for the Appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Rudy P. One entered a mid-trial plea of no contest to first-degree sexual assault. On May 3, 1996, he was convicted based on this plea and sentenced to 30 years' imprisonment.

In July 2002, One filed a *pro se* petition for post-conviction relief. In this petition, One asserted that he had been denied a jury of his peers, apparently based on the assertion that he had been denied his right to venue in the district where the crime occurred.

Because One was indigent, the superior court appointed an attorney to represent him in his post-conviction relief litigation. One's attorney, Avraham Zorea, concluded that One's petition was time-barred because more than two years had passed since the superior court entered the underlying criminal judgement against One. *See* AS 12.72.020(a)(3)(A). Having reached this conclusion, Zorea filed a certificate attesting to his belief that One had no arguable claims for post-conviction relief. *See* Alaska Criminal Rule 35.1(e)(2)(B).

Mr. Zorea's certificate reads as follows:

Counsel finds that petitioner's application is time-barred, and that his application presents no colorable claim upon which

[the petitioner] could [obtain] relief. Though a complete certificate [of no arguable claims] normally requires an affidavit from the trial attorney, in this matter, the application is approximately four years late in being filed. [The trial attorney] is entitled to some measure of protection under [the] law, and [because] counsel [has found] the apparent time-bar issue, . . . [counsel now] files the certificate without obtaining the [trial attorney's] affidavit. Counsel has obtained the tapes and log notes[,] and [has] reviewed the notes and [the] application and [the] judgment to ensure that there was no mistake in Mr. One's application. It seems clearly time-barred. . . .

Superior Court Judge Dale O. Curda reviewed Zorea's certificate and gave One a chance to respond to it. *See* Alaska Criminal Rule 35.1(f)(2). One challenged Zorea's certificate because it "did not give a detailed explanation as to why the petitioner has no colorable claim for relief", but One did not specifically respond to Zorea's assertion that the petition was time-barred.

After receiving One's response, Judge Curda concluded that Zorea was correct: One's petition for post-conviction relief was time-barred, and thus One had no arguable claims for post-conviction relief. Judge Curda therefore dismissed One's petition.

■ One then procured a new attorney through the Office of Public Advocacy and filed the present appeal. In this appeal, One argues that Zorea's "no arguable claims" certificate was deficient (as a matter of law) because it contained no explanation of *why* Zorea concluded that One's petition was time-barred.

We agree that if an attorney representing an indigent petitioner for post-conviction relief concludes that the petition is time-barred, the attorney's "no arguable claims" certificate must explain why the attorney has concluded that the facts of the petitioner's case present no arguable exception to the applicable statute of limitations.

*Why we conclude that Mr. Zorea's "no arguable claims" certificate was legally inadequate*

Under Criminal Rule 35.1(e)(2), as interpreted by this Court in *Griffin v. State*, 18 P.3d 71, 75 (Alaska App.2001), when an attorney is appointed to represent an indigent petitioner for post-conviction relief, the attorney has 60 days to do one of three things: (1) inform the superior court that the attorney will proceed on the grounds for relief already stated by the petitioner, or (2) file an amended petition for post-conviction relief, or (3) file a certificate attesting that the attorney has investigated the facts of the case and the applicable law, and that the attorney has concluded that the petitioner has no arguable (*i.e.*, non-frivolous) claims for post-conviction relief.

■ In *Griffin*, we held that, in order to protect the petitioner's right to zealous and effective legal representation, a "no arguable claims" certificate filed under Criminal Rule 35.1(e) "must provide the [superior] court with a full explanation of all the claims the attorney has considered and why the attorney has concluded that these claims are frivolous".[1] Otherwise, the superior court would be unable to fulfill its own duty to "meaningfully assess and independently evaluate the attorney's assertion that the petitioner has no arguable claim to raise".[2]

In the present case, One's *pro se* petition for post-conviction relief alleged a denial of his right to a jury of his peers, apparently based on the assertion that his trial was not held in the venue district where the crime occurred. Mr. Zorea concluded that One's petition was time-barred—and, thus, that there was no point in investigating One's underlying assertions.

We do not fault Zorea for failing to provide the superior court with a full analysis of One's claims. If One's petition was indeed time-barred, then these claims would be moot.

But since Zorea's analysis of the petition for post-conviction relief hinged on Zorea's

---

**1.** *Griffin*, 18 P.3d at 77.

**2.** *Id.*

conclusion that the petition was time-barred, it was Zorea's duty to provide the superior court with a full explanation of why he concluded that the petition was time-barred. This explanation would necessarily include the details of Zorea's investigation of potential exceptions to the limitations period.

It might seem that, by imposing this requirement, we are requiring defense attorneys to engage in meaningless labor. But the facts of One's case demonstrate the importance of a full explanation.

Under AS 12.72.020(a)(3)(A), One's petition had to be filed within two years of his conviction. One was convicted in 1996, and he did not file the present petition for post-conviction relief until 2002. Thus, on the face of it, One's petition was time-barred.

But the investigation conducted by One's current attorney shows that One filed an earlier petition for post-conviction relief in early 1998—within the time allowed by the statute. In this 1998 petition, One claimed that he had received ineffective assistance from his trial attorney.

Judge Curda appointed a different attorney, Scott Sidell, to represent One in that post-conviction relief litigation. Mr. Sidell entered an appearance for One on February 23, 1998. But nothing further happened. Two years later, on January 28, 2000, the superior court notified Sidell (but apparently did not notify One) that the petition for post-conviction relief would be dismissed for failure to prosecute if no action was taken within 60 days. No further action was taken, and the superior court dismissed One's petition on April 15, 2000. According to the notations on this April 15th order of dismissal, copies of the order were sent to Sidell and the district attorney's office. There is no indication that a copy was sent to One himself.

In May 2002 (*i.e.*, two years after his 1998 petition was dismissed for non-prosecution), One wrote a letter to the Area Court Administrator for the Fourth Judicial District, Ronald J. Wood. In his letter to Wood, One wrote:

I have been having difficulty getting answers on my requests for copies of my court transcripts.

I would be grateful if you would appoint an attorney who could help me with this problem.

My 35.1 [petition] was back in 1996 [*sic*] and I never had any response back yet.

In other words, One was apparently unaware that his petition had been dismissed two years earlier.

We do not have a copy of any reply that Mr. Wood may have sent to One. But on June 17, 2002, One sent a letter to the Bethel superior court clerk, requesting a post-conviction relief application. One month later, on July 17, 2002, One filed his present petition.

In light of the foregoing, One has at least an arguable defense to the statute of limitations—*i.e.*, the assertion that he received ineffective assistance of counsel from Mr. Sidell, and that he exercised reasonable diligence in renewing his post-conviction relief litigation after he discovered that Sidell had not pursued the initial petition.[3] But Mr. Zorea's "no arguable claims" certificate does not discuss any of the above circumstances.

It may be that Zorea asked One why his petition was so late, that Zorea was apprised of the circumstances described above, and that Zorea then undertook an investigation of those circumstances—an investigation which ultimately showed that any attempt to defeat the statute of limitations would be frivolous. But the certificate that Zorea filed in the superior court does not explain any of this.

Alternatively, it may be that Zorea asked One why his petition was so late and that, for reasons of his own, One decided not to tell Zorea about the above circumstances—so that a reasonable attorney in Zorea's position might not have known that there was a potential defense to the statute of limitations. But Zorea's certificate does not even state that he asked One why the petition for post-conviction relief was so late.

**3.** *Cf. Grinols v. State,* 10 P.3d 600, 618 (Alaska App.2000) (concluding that a defendant could present a claim of ineffective post-conviction counsel in a second post-conviction relief application, almost four years after final entry of judgement).

Finally, Zorea may have simply compared the date of One's current petition (July 2002) with the date of his conviction (early 1996) and concluded, without further investigation, that One's petition was time-barred. Again, we can not know whether this is what occurred, because the certificate contains no explanation.

When, as in the present case, an attorney appointed to represent an indigent petitioner for post-conviction relief concludes that the petition stands or falls on the issue of whether it is barred by one of the limitation periods codified in AS 12.72.020(a)(3), the attorney must investigate potential defenses to the limitation period. If, after that investigation, the attorney concludes that there is no colorable defense to the limitation period, the attorney's "no arguable claims" certificate must fully explain the attorney's investigation, and the results of that investigation, to the superior court.

*Conclusion*

The "no arguable claims" certificate filed by Mr. Zorea in this case was inadequate; it failed to fully explain why One had no arguable defense to the two-year limitations period codified in AS 12.72.020(a)(3)(A). Accordingly, the superior court should not have accepted that certificate and should not have dismissed One's petition for post-conviction relief in reliance on it.

The judgement of the superior court is REVERSED, and this case is remanded to the superior court for further proceedings on One's petition for post-conviction relief.