NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

NORMAN WASSILIE,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11654
Trial Court No. 4BE-11-229 CI

O P I N I O N

No. 2423 – August 1, 2014

Appeal from the Superior Court, Fourth Judicial District, Bethel, Charles W. Ray, Jr., Judge.

Appearances: Norman Wassilie, *in propria persona*, Kenai, for the Appellant. Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee. Tracey Wollenberg, Deputy Public Defender, and Quinlan Steiner, Public Defender, Anchorage, appearing as *amicus curiae*. Beth Goldstein, Deputy Public Advocate, and Richard Allen, Public Advocate, Anchorage, appearing as *amicus curiae*.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Norman Wassilie litigated a petition for post-conviction relief in the superior court. He was initially represented by an attorney from the Public Defender Agency. But after the assistant public defender investigated Wassilie's case, he filed a certificate of "no arguable merit" under Alaska Criminal Rule 35.1(e)(2). In other words, Wassilie's attorney told the superior court that, after investigating Wassilie's potential claims for post-conviction relief, the attorney concluded that Wassilie had no colorable claims to raise, and that the court should dismiss Wassilie's petition.

The superior court gave Wassilie an opportunity to respond to his attorney's certificate of no arguable merit, but Wassilie did not file a response. Pursuant to Criminal Rule 35.1(f)(2), the superior court then dismissed Wassilie's petition and allowed the Public Defender Agency to withdraw from further representation of Wassilie.

After the superior court dismissed his case, Wassilie sent a personal letter to the Alaska Supreme Court, questioning the validity of the superior court's action. The Appellate Court Clerk's Office brought Wassilie's letter to this Court's attention, since it pertained to post-conviction relief litigation, a matter within this Court's jurisdiction. *See* AS 22.07.020(a)(2).

This Court concluded that Wassilie's letter amounted to a notice of appeal. We then issued an order asking the State, the Public Defender Agency, and the Office of Public Advocacy to file legal memoranda addressing the following questions:

> 1. When an attorney representing an indigent defendant in a post-conviction relief action is allowed to withdraw after filing a certificate of no arguable merit, does the attorney nevertheless have a continuing obligation to ascertain whether the defendant wishes to appeal the court's dismissal of the petition — and an obligation to file the initial appellate documents if the defendant wishes to pursue an appeal?

2. When an indigent defendant's petition for post-conviction relief has been dismissed after their attorney filed a certificate of no arguable merit, and the defendant (or an attorney on the defendant's behalf) initiates an appeal, does the defendant have the right to counsel at public expense to assist them in pursuing the appeal?

3. If so, which agency should provide the attorney?

The three criminal justice agencies have filed their memoranda, so we now turn to the merits of these three questions.

*Even after the superior court dismissed Wassilie's petition and allowed Wassilie's attorney to withdraw pursuant to Criminal Rule 35.1(f)(2), the attorney had a remaining obligation to ascertain whether Wassilie wished to appeal — and, if so, to initiate an appeal on his behalf*

Alaska Criminal Rule 35.1 specifies the procedures that govern post-conviction relief litigation. Subsection (e) of this rule contains special provisions that apply to attorneys who are appointed to represent indigent defendants.

Under Criminal Rule 35.1(e), a court-appointed attorney has 60 days to either (1) tell the trial court what specific claims the defendant will pursue, or (2) file a certificate stating that the attorney has fully investigated the defendant's case and has concluded that there is no arguable merit to any claims the defendant might raise.

The next subsection of Criminal Rule 35.1 — subsection (f) — specifies what a trial court must do if the defendant's court-appointed attorney files a "no arguable merit" certificate. Under subsection (f), the trial court must independently evaluate the attorney's assertion that there are no colorable claims to be raised. If the court believes that the attorney's assessment is correct, the court must notify the prosecutor and the

defendant (personally) that the court intends to dismiss the defendant's petition unless either the State or the defendant shows some good reason not to do so.

The court must then give the State and the defendant an opportunity to respond to the proposed dismissal of the case. Rule 35.1(f)(2) specifies that if the defendant files no response, or if the defendant files a response that does not alter the court's assessment, "the court shall permit [the defendant's court-appointed] counsel to withdraw and [shall] order the [defendant's] application dismissed."

This is what happened in Wassilie's case: Wassilie's court-appointed attorney filed a certificate of "no arguable merit" under Criminal Rule 35.1(e), and the judge assigned to the case announced to the parties that he tentatively concurred in the attorney's assessment. The judge then gave Wassilie a chance to respond, but Wassilie filed no response. Accordingly, pursuant to Criminal Rule 35.1(f)(2), the judge dismissed Wassilie's petition for post-conviction relief and allowed Wassilie's assistant public defender to withdraw.

As shown by Wassilie's subsequent letter to the supreme court, Wassilie wished to challenge the superior court's dismissal of his case. The question, then, is whether Wassilie's assistant public defender had some remaining obligation (even though the superior court had already allowed the attorney to withdraw) to ascertain Wassilie's desires regarding a potential appeal, and to take the steps necessary to preserve Wassilie's right of appeal if that is what Wassilie wished to do.

We conclude that the answer to this question is "yes". This answer was foreshadowed by our decision in *Harvey v. State*, 285 P.3d 295 (Alaska App. 2012).

*Harvey* involved the situation where a criminal defendant hired a lawyer to represent him in the trial proceedings, but the lawyer and the defendant explicitly agreed that the lawyer's representation would not include any appeal. [1] Although the

---

[1] *Harvey*, 285 P.3d at 298.

precise facts of the case were in dispute, the record showed that, after the defendant was sentenced, the attorney either refused the defendant's request to file an appeal or, alternatively, declined to discuss any potential appeal (other than perhaps telling the defendant that, if he wanted to appeal, he should contact the Public Defender Agency).[2]

We held that, under either scenario, the attorney breached his obligation to the defendant. Specifically, we held that even though the attorney had only agreed to represent the defendant in the trial court, this obligation included (as a matter of law) the further duty to protect the defendant's right of appeal — by filing a notice of appeal, or by filing a motion to extend the time for filing a notice of appeal — if (1) the defendant indicated a desire to appeal or (2) the attorney knew or reasonably should have known that a reasonable person in the defendant's position would want to appeal:

> [T]he filing of an appeal — *i.e.*, the filing of a notice of appeal, or the filing of a motion to extend the time for filing an appeal, so that a client's right of appeal is preserved — is part of a trial attorney's duties if the attorney is aware that the client might want to appeal, and that the client will otherwise not be able to obtain and consult with substitute counsel before the filing deadline.

*Harvey*, 285 P.3d at 302.[3]

We reached this conclusion primarily because we recognized that a convicted defendant "needs effective representation and advice in the relatively short period immediately following conviction, when the decision whether to appeal must be made" — and because it is often impossible or impracticable for the defendant to obtain

---

[2] *Id.* at 300-01.

[3] *See also id.* at 297 & 305-06.

substitute counsel, and to meaningfully consult with the new attorney, within this short time frame. *Id.* at 304. [4]

It is true that *Harvey* dealt with a defendant in a criminal proceeding, while Wassilie's appeal arises from a post-conviction relief proceeding. Moreover, in *Harvey*, the attorney's obligation toward the defendant was ending because of a contractual provision (a clause in the attorney's retainer agreement) — while in Wassilie's case, the attorney's obligation toward Wassilie was ending because, pursuant to Criminal Rule 35.1(f)(2), the superior court expressly allowed the attorney to withdraw.

But these distinctions do not call for a different result. We note that Alaska Professional Conduct Rule 1.16 — the rule that governs *all* terminations of an attorney's representation of a client — repeatedly enjoins attorneys to end the attorney-client relationship in a manner that, to the extent reasonably possible, preserves the client's rights.

Specifically, paragraph (b) of Professional Conduct Rule 1.16 declares that "a lawyer may withdraw from representing a client if ... [the] withdrawal can be accomplished without material adverse effect on the interests of the client[.]" This concept is reiterated in paragraph (d) of the rule, which speaks of an attorney's continuing duty when the attorney-client relationship has ended: "Upon termination of [the attorney's] representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests[.]"

In Wassilie's case, even though the superior court had released the Public Defender Agency from further representation of Wassilie, Wassilie's attorney had a continuing duty to make sure that, if Wassilie wished to appeal the superior court's dismissal of his petition for post-conviction relief, Wassilie's right of appeal would be

---

[4] Citing the Commentary to the American Bar Association's Defense Function Standard 4-8.2.

preserved. Given the circumstances (*i.e.*, Wassilie's desire to appeal), this meant that the attorney had a duty to either file a notice of appeal or, at least, file a motion to extend the time for filing an appeal.

(Conceivably, an attorney in this situation might fulfill this duty by having the court promptly appoint another attorney to file the appeal. But given the relatively short time available to file the initial appeal documents, this approach might not be practicable.)

In its memorandum to this Court, the Office of Public Advocacy suggests that a trial judge who has decided to allow an attorney to withdraw under Criminal Rule 35.1(f)(2) might condition the withdrawal on the attorney's fulfillment of the duties we have described here: (1) to ascertain the defendant's wishes with respect to an appeal and, if the defendant wishes to appeal, (2) to file the appeal or at least a motion to extend the time for filing an appeal. Although the attorney is under these duties regardless of whether the trial judge mentions them, we agree that this would be a good practice.

*Wassilie has the right to counsel at public expense to assist him in pursuing this appeal*

We now turn to the second question presented in this case.

Wassilie is an indigent defendant whose first petition for post-conviction relief was dismissed by the trial court, and whose post-conviction relief attorney was allowed to withdraw after the attorney filed a certificate of no arguable merit under Criminal Rule 35.1(e)(2). When a defendant in Wassilie's situation wishes to appeal the trial court's dismissal of their petition for post-conviction relief, does the defendant have the right to counsel at public expense to assist them in pursuing the appeal?

We begin by noting that, under the Alaska Constitution, defendants who litigate a first petition for post-conviction relief have the right to the assistance of

competent counsel. *Grinols v. State*, 74 P.3d 889, 894-95 (Alaska 2003). And under AS 18.85.100(c) (a portion of the statute defining the Public Defender Agency's authority to represent indigent litigants), if the defendant is indigent, the defendant is entitled to have counsel appointed at public expense.

Normally, if an indigent defendant is entitled to court-appointed counsel when litigating a petition for post-conviction relief in the trial court, the defendant is also entitled to court-appointed counsel in any appeal from the trial court's decision (whether by the defendant or by the State). AS 18.85.100(c) does contain a restriction on the right to court-appointed counsel in appellate proceedings arising from post-conviction relief litigation, but this restriction applies only to certain forms of discretionary appellate review *after* an appellate court has decided the appeal. [5]

But Wassilie's situation is arguably different, because the superior court allowed his court-appointed attorney to withdraw at the close of the trial court proceedings under the provisions of Criminal Rule 35.1(e)(2) and (f)(2).

As we have explained, this means (1) that the attorney, after investigating Wassilie's case, filed a certificate declaring that Wassilie had no claims for post-conviction relief that had any arguable merit, and (2) that the superior court, after reviewing the attorney's certificate and allowing Wassilie to respond, concurred in the attorney's assessment that Wassilie's post-conviction relief litigation was frivolous.

In the previous section of this opinion, we held that even when the trial court allows a defendant's attorney to withdraw pursuant to Rule 35.1(f)(2), the attorney

---

[5]     AS 18.85.100(c)(2) provides that "[a]n indigent person is entitled to representation [at public expense] for purposes of bringing a timely application for post-conviction relief ... [except] for purposes of bringing ... a petition for review or certiorari from an appellate court ruling on an application for post-conviction relief[.]"

still owes certain final duties to the defendant: the obligation to ascertain whether the defendant wishes to appeal and, if so, the obligation to initiate appellate proceedings.

But these final obligations are components of the attorney's duty as the defendant's representative in the *trial court* — analogous to the duty we recognized in *Harvey v. State* for trial attorneys who represent defendants in criminal prosecutions. The question before us now is whether, once the defendant's trial attorney has been allowed to withdraw pursuant to Criminal Rule 35.1(f)(2) and has fulfilled these final duties, the defendant has any *further* right to legal representation at public expense — in particular, the right to court-appointed counsel to assist the defendant in appealing the trial court's dismissal of their petition for post-conviction relief.

To answer this question, we must examine the *reason* why a trial court is authorized to let an attorney withdraw under Criminal Rule 35.1(f)(2) — *i.e.*, after the attorney has filed a certificate of no arguable merit, and after the trial court has independently concurred in the attorney's assessment of the defendant's case.

The first rationale for allowing the attorney to withdraw in these circumstances is the fact that the attorney has taken a position directly adverse to their client's interests and has succeeded in convincing the trial court to dismiss their client's lawsuit against the client's wishes. This is certainly an adequate ground for allowing the attorney to withdraw from further representation of the client, but it has no relevance to the issue of whether the client is entitled to representation by some *other* attorney if the client pursues an appeal.

The second rationale for allowing the attorney to withdraw in these circumstances is the trial court's finding that the litigation is frivolous — *i.e.*, that the defendant has no claims that have any arguable merit. As this Court recognized in *Griffin v. State*, 18 P.3d 71 (Alaska App. 2001), the Alaska Legislature enacted Criminal

Rule 35.1(e)(2) to advance a valid public purpose — "to curb the litigation of frivolous post-conviction relief applications at public expense." [6]

In *Griffin*, we construed Criminal Rules 35.1(e)(2) and (f)(2) as establishing a two-tier process that must be satisfied before a trial court can dismiss a petition for post-conviction relief on the ground that it is frivolous. First, the defendant's attorney must provide a detailed and complete explanation of why the attorney has concluded that the defendant has no colorable claim for relief; [7] and second, the trial court (after allowing the defendant to respond) must independently review and concur in the attorney's assessment. [8]

We held in *Griffin* that this two-tier process is sufficient to satisfy the defendant's constitutional right to the zealous and competent assistance of counsel, as defined by the United States Supreme Court in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). [9] And in *Grinols v. State*, 10 P.3d 600 (Alaska App. 2000), this Court acknowledged the government's authority to place limits on a defendant's right to legal representation at public expense. *Id.* at 623.

One could therefore argue that, once a trial court determines that a defendant's petition for post-conviction relief is frivolous, and the court allows the defendant's court-appointed attorney to withdraw under Criminal Rule 35.1(f)(2), the government need not provide the defendant with counsel at public expense to pursue an appeal.

---

[6] *Griffin*, 18 P.3d at 72.

[7] *Id.* at 77.

[8] *Id.* at 76.

[9] *Id.* at 77.

But this argument implicitly rests on the premise that the trial court's decision was correct — the assumption that the attorney's certificate of no arguable merit satisfied the *Griffin* requirement of a complete and detailed description of the defendant's potential claims, and the further assumption that the trial court correctly analyzed the situation when it ratified the attorney's assertion that all of the defendant's potential claims for post-conviction relief were indeed frivolous.

The whole point of an appeal is to put these assumptions to the test. As this Court observed in *Grinols*, 10 P.3d at 622, "The guarantee of equal protection of the law requires that ... indigents have an adequate opportunity to present their claims fairly within the adversary system." [10] Until the assumptions listed in the preceding paragraph are tested in the appellate arena, we can not say with certainty that the trial court was correct when it characterized the defendant's post-conviction relief litigation as wholly frivolous.

The truth of this principle is amply confirmed by the post-conviction relief litigation that has reached this Court since we issued our decision in *Griffin*. We have repeatedly reversed trial court dismissals of post-conviction relief litigation under Criminal Rule 35.1(f)(2) — either because the defendant's attorney failed to provide the trial court with a complete and detailed explanation of the defendant's potential claims, [11] or because the trial court failed to conduct an adequate independent review of

---

[10] Quoting *Ross v. Moffitt*, 417 U.S. 600, 612; 94 S.Ct. 2437, 2444-45; 41 L.Ed.2d 341 (1974).

[11] *See Beshaw v. State*, unpublished, 2012 WL 1368146, *6 (Alaska App. 2012); *Duncan v. State*, unpublished, 2008 WL 5025424, *3-4 (Alaska App. 2008); *Nelson v. State*, unpublished, 2005 WL 2373454, *1 (Alaska App. 2008); *One v. State*, 127 P.3d 853, 856 (Alaska App. 2006); *Black v. State*, unpublished, 2004 WL 2914986, *2 (Alaska App. 2004); *Goldsbury v. State*, 93 P.3d 468, 470-71 (Alaska App. 2004); *Tazruk v. State*, 67 P.3d 687, 692 (Alaska App. 2003).

the attorney's certificate,[12] or because the court mistakenly concluded that all of the claims described by the attorney were in fact frivolous.[13]

In other words, even when a trial court has dismissed a petition for post-conviction relief on the ground that it is wholly frivolous, this is not a guarantee that the petition is indeed frivolous. The defendant is entitled to challenge the trial court's decision on appeal — and, if the defendant pursues an appeal, the trial court's characterization of the litigation as frivolous remains tentative until the appeal is decided.

For this reason, the normal rule with respect to court-appointed counsel continues to apply: the defendant is entitled to counsel at public expense to assist them in appealing the trial court's dismissal of their petition for post-conviction relief.

We addressed this same issue (in a slightly different guise) in *Alex v. State*, 210 P.3d 1225 (Alaska App. 2009).

*Alex* involved the clause of the Public Defender Agency's authorization statute, AS 18.85.100(c)(1), that prohibits the Agency from representing a defendant who is pursuing an untimely petition for post-conviction relief. In *Alex*, the trial court dismissed the defendant's petition after concluding that the petition was untimely. The question was whether the trial court's ruling effectively barred the Public Defender Agency from continuing to represent the defendant on appeal.

We held that when a defendant wishes to challenge the trial court's conclusion that their petition for post-conviction relief was untimely, the defendant's petition can not properly be characterized as "untimely" for purposes of AS 18.85.100(c)(1) until that claim is resolved against the defendant on appeal. Thus,

---

[12]  *See Frank v. State*, unpublished, 2008 WL 3540508, *1 (Alaska App. 2008).

[13]  *See Vizcarra-Medina v. State*, 195 P.3d 1095, 1099-1100 (Alaska App. 2008).

a defendant remains entitled to counsel at public expense to assist them in litigating this issue on appeal. *Alex*, 210 P.3d at 1228-29.

This same rule applies to Wassilie and other defendants in his situation. Wassilie is entitled to counsel at public expense to assist him in appealing the superior court's ruling that his petition for post-conviction relief is frivolous.

*Which agency should provide Wassilie's attorney?*

The remaining question is to identify the agency responsible for providing an attorney to assist Wassilie on appeal.

As we have explained, Wassilie is an indigent defendant who is entitled to the assistance of an attorney at public expense. This attorney normally would be provided by the Public Defender Agency.

But Wassilie was represented by the Public Defender Agency in the trial court, and his assistant public defender filed a certificate of no arguable merit. Based on the contents of this certificate, the superior court dismissed Wassilie's petition for post-conviction relief on the ground that it was frivolous — *i.e.*, that Wassilie had no arguable claims for relief.

On appeal, Wassilie must challenge either the contents of his attorney's certificate, or the superior court's concurrence in his attorney's conclusions, or both. Given this situation, the Public Defender Agency can not represent him in this appeal. This means that the duty of providing an attorney for Wassilie falls to the Office of Public Advocacy under AS 44.21.410(a)(5) — the statute that directs the Office of Public Advocacy to "provide legal representation ... in cases involving indigent persons who are entitled to representation under AS 18.85.100 and who cannot be represented by the [P]ublic [D]efender [A]gency because of a conflict of interests".

*Conclusion*

The Office of Public Advocacy is directed to provide an attorney to assist Wassilie in this appeal within 15 days of the issuance of this opinion. That attorney shall promptly file an entry of appearance in this Court.