**ALASKA PLACER COMPANY, Appellant,**

v.

**Richard E. LEE and Phyllis Lee, Appellees.**

**No. 1394.**

Supreme Court of Alaska.

Oct. 24, 1972.

---

Charles E. Cole, Fairbanks, for appellant.

Herbert Berkowitz, of Ely, Guess & Rudd, Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ and BOOCHEVER, JJ.

## OPINION

BONEY, Chief Justice.

Plaintiff-appellant Alaska Placer Company [hereinafter referred to as "Placer"] appeals from an order of the superior court granting the motion of defendants-appellees Richard and Phyllis Lee [hereinafter referred to as "the Lees"] to amend the judgment previously entered in favor of Placer.

In March, 1965, the Lees agreed to purchase fifteen tin mining claims from Placer. In belief that the Lees had failed to comply with certain agreed-to convenants requiring them to maintain specified daily production rates, Placer, on October 5, 1965, gave the Lees a notice of forfeiture in accordance with their agreement. The

Lees then refused to vacate the claims, and Placer filed suit to enjoin further mining operations.

The superior court denied the injunction and entered judgment for the Lees. Placer appealed and this court reversed, Alaska Placer Company v. Lee.[1]

On July 14, 1969, Placer filed a proposed judgment on the mandate of this court with the superior court. Subsequently, this proposed judgment was superseded by a second proposed judgment on the mandate filed by Placer on July 28, 1969. Each proposed judgment was accompanied by an affidavit of service. The only difference between the two proposed judgments was that the second one added a new paragraph, Paragraph 4, which provided as follows:

Defendants shall render account to plaintiff for all ore and minerals extracted by defendants from said claims subsequent to October 6, 1965; and that plaintiff is entitled to receive from those parties such smelting grounds as may be due on account of said ore having been delivered to them for smelting by defendants.

No objection having been filed by the Lees to either proposed judgment within the five day period prescribed by Alaska Rule of Civil Procedure 78(b),[2] the trial court signed the second proposed judgment on August 12, 1969.

On March 13, 1970, counsel for the Lees filed a motion for relief from judgment based on the provisions of Alaska Rules of Civil Procedure 60 and 78. The accompa-

---

1. 455 P.2d 218 (Alaska 1969).

2. Alaska R.Civ.P. 78(b) provides:
   Within 5 days after service of any of the documents mentioned in subdivision (a), a party may serve a written detailed statement of objections to any such document and the reasons therefor. If objections are served within the time specified herein, the court may thereafter require the attorneys interested to appear before it, or it may sign the document as prepared by counsel for the successful party or as modified by the court.

Alaska R.Civ.P. 78(a) provides:
   Unless otherwise ordered by the court, counsel for the successful party to an action or proceeding shall prepare in writing and serve on each of the other parties all findings of fact, conclusions of law, judgments and orders. Counsel for each of the parties so served shall promptly endorse on the original of each document either (1) an approval as to form, (2) a disapproval as to form, or (3) an acknowledgment of the date and hour of service.

nying affidavit of counsel for the Lees asserted that the first proposed judgment had been received by his office; that no objections had been made thereto; that notice of the entry of judgment had been received on August 15, 1969; and that neither he nor his office had any record or recollection of having received the second proposed judgment. The affidavit further stated that counsel for the Lees had become aware of the contents of the disputed Paragraph 4 of the second proposed judgment on January 23, 1970.

At the hearing on the Lees' motion, the parties stipulated that counsel for the Lees did not receive the proposed judgment before it was entered.

An oral opinion, granting the Lees' motion and deleting Paragraph 4 of the judgment, was entered on September 16, 1970.

Placer, on appeal, argues first that the Lees' motion was not filed within a reasonable time as required by Alaska Rule of Civil Procedure 60(b). Placer concedes that the time period to be tested begins not with the date of the proposed judgment ultimately signed, but with the date that counsel for the Lees received actual notice of the provisions of Paragraph 4. However, Placer asserts as unreasonable the forty-nine day delay from January 23, 1970, the date that counsel for the Lees first had actual notice of the contents of Paragraph 4, until March 13, 1970, the date that the motion was filed.

Rule 60(b) provides in part that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

In arguing that the Lees' motion was not made within a reasonable time, Placer relies primarily on Alaska Truck Transport, Inc. v. Berman Packing Company.[3] There a Rule 60(b)(1) motion, based on an error of law, was filed eleven months after the entry of the judgment. The court noted that the rule states that such motions must be made within a reasonable time not more than one year after the date of the judgment. However, the court concluded that Rule 60(b) motions based on errors of law should be filed within the same time period for the filing of a notice of appeal:

The competing interests of finality and correcting injustice must be balanced. Here the alleged injustice sought to be corrected is said to have been caused by an error of law arising from counsel's inadvertence in not being aware of and making known to the trial court the correct principle of law bearing on the outcome of the litigation. In such a case we believe the requisite balance between the desire to achieve finality and the need to correct injustice can best be achieved by requiring that Rule 60(b)

3. 469 P.2d 697 (Alaska 1970).

motions based on errors of law be brought within the time for taking an appeal, i. e., within 30 days from the entry of judgment. That is a "reasonable time" within the meaning of Rule 60(b).[4] The court then stated that the thirty day rule is not immutable, and that it may be relaxed or dispensed with under compelling circumstances in the interest of justice.[5]

Placer's reliance on *Alaska Truck* is misplaced. The special circumstances there of the motion being based on an error of law —and thus being analogous to, if not a substitute for, an appeal—was critical to that decision and operates to limit that holding.

■ Here, while the Lees' motion was apparently based on Rule 60(b)(1), it did not derive from an error of law. The Lees contended in their motion and supporting papers that they had not had the opportunity to object to Paragraph 4 as allowed by Rule 78(b). The reasoning of *Alaska Truck* is therefore inapposite here. This was not a motion which, if made more than thirty days after the date of the judgment, would emasculate the rule that appeals be brought within thirty days.

■ The question which arises, then, is whether or not, considering all the circumstances of this case, the forty-nine day delay between the receipt of actual notice of the contents of Paragraph 4 and the filing of the motion was a reasonable amount of time. This time was apparently spent in correspondence and telephonic communication by counsel for the Lees with his clients, opposing counsel, and counsel in Seattle. Moreover, as the trial court concluded, Placer was in no way prejudiced by this delay. We therefore agree with the trial court that, under the circumstances of this case, the time was reasonable.[6]

Placer also argues that the trial court erred in deleting the provisions of Paragraph 4.

■ The Lees respond, however, that the questions raised by Placer concerning the substance of the relief provisions contained in Paragraph 4 are not properly to be considered by this court. They argue that the sole issue presented by this appeal is the discretionary action of the trial court in granting relief under Rule 60(b). The Lees rely on Wellmix, Inc. v. City of Anchorage,[7] wherein this court stated:

A Rule 60(b) motion for relief from a judgment "does not affect the finality of a judgment or suspend its operation." This means that the filing of such a motion does not terminate the running of the time for appeal from a final judgment. It must also mean that an appeal from a *denial* of a Rule 60(b) motion does not bring up the final judgment for review. If the rule were otherwise, one could appeal from a final judgment after the time had expired by utilizing a 60(b) motion, and this would circumvent the rule limiting the time within which appeals may be taken and would frustrate the sound policy of having finality in litigation.[8]

---

4. *Id.* at 699–700 (footnotes omitted). *See* 7 J. Moore Federal Practice § 60.22[3], at 259–261 (2d ed. 1971).

5. 469 P.2d at 700.

6. Note should be made of a further argument raised by the Lees in support of their position. They argue that *Alaska Truck* is distinguishable because their motion also comes within the residual clause of Rule 60(b)(6). This argument is incorrect and without merit:

It is important to note, however, that clause (6) contains two very important internal qualifications to its applica-

tion: first, the motion must be based upon *some reason other than those stated in clauses (1)–(5)* . . . .

In reference to the first qualification, the very cast of the Rule and the language of clause (6) indicate that this residual clause is dealing with matter not covered in the preceding five clauses. 7 J. Moore, Federal Practice § 60.27[1], at 343 (2d ed. 1971) (emphasis in original).

7. 471 P.2d 408 (Alaska 1970).

8. *Id.* at 411 (Footnotes omitted) (emphasis added).

The Lees overlook the fact that the court in *Wellmix* was concerned with the *denial* of a Rule 60(b) motion while here we are considering the *granting* of such a motion. As Professor Moore has observed, this distinction is critical:

> An order denying a 60(b) motion is a final order and appealable as such. While the denial order brings up for review the matters pertinent thereto, it does not bring up the judgment for review.
>
> An order granting a motion for relief under 60(b) must be tested by the usual principles of finality; and when so tested will occasionally be final, although probably in most cases it will not be. Thus where the court, in addition to determining that there is a valid ground for relief under 60(b), at the same time makes a redetermination of the merits, its order is final since it leaves nothing more to be adjudged. An order vacating an order approving a stipulation dismissing an appeal has been held to be within the collateral order doctrine and final. And where the order granting the 60(b) motion leaves nothing further to be decided at the district court level, then on general principles of finality the order is final.
>
> On the other hand, and this is probably a common situation, where the order granting relief merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and is interlocutory and non-appealable.[9]

Here nothing more was left to be done at the superior court level once the motion had been granted. Paragraph 4 was struck but the rest of the judgment was left in force. In short, the order here was a final order and as such it is subject to full review.

Placer contends that the trial court should have deleted neither the accounting nor the award of smelting grounds.[10] The basis of this argument is that these provisions are merely remedial in nature.

Alaska Rule of Civil Procedure 54(c) provides in part that:

> [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

The Lees agree with Placer on the law. They contend, however, that Placer is not entitled to the accounting because it failed either to plead the matter or to litigate the issue. The relief being unsupported by either pleading or proof, they argue that Placer was not improperly denied the accounting. The trial court seems to have adopted this theory, for it stressed in its opinion granting the Lees' motion that the trial had been conducted only on issues pertinent to an injunction, and not on issues relevant to the relief provisions of Paragraph 4.

■ The standard for reviewing an order entered pursuant to a Rule 60(b) motion is one of abuse of discretion. As this court has said in Gravel v. Alaskan Village, Inc.:

> The granting of relief from a judgment is addressed to the sound discretion of the trial court. That court's ruling will not be disturbed except upon a showing of an abuse of discretion, which would be the case only if we were left with the definite and firm conviction on the whole record that the judge had made a mistake . . . .[11]

---

9. 7 J. Moore, Federal Practice § 60.30[3], at 430–432 (2d ed. 1971) (footnotes omitted).

10. These smelting grounds are the *gross* proceeds obtained by the Lees for ore delivered for smelting during the time they were in possession of the mining claims after notice of forfeiture.

11. 423 P.2d 273, 277 (Alaska 1967) (footnote omitted).

Rather than denying the trial court's findings that the relevant issues were not tried, Placer argues that the trial court showed needless concern inasmuch as the Lees would be given an opportunity to object after the accounting. We cannot agree with Placer. The Lees should be given a chance to resist the accounting.

■ With regard to the request for "such smelting grounds as may be due on account of said ore having been delivered" for smelting, Placer is asking the court for the money derived by the Lees during the time that they were in possession of the mining claims after the notice of forfeiture. Placer maintains that the Lees are entitled to no offset for their expenses. The question here is whether the Lees were "good faith" or "willful" trespassers since they had breached their contract, and had been given notice to forfeit, but had remained on the claims. The Lees contend that they were there in good faith—that they had entered under a claim of right and that they had remained in the belief that they were so entitled. The superior court struck the smelting grounds provision on the theory that the pertinent issues had not been tried. Indeed, the issue of good or bad faith of the Lees was never raised either at trial or on appeal; the first time Placer brought up the matter was over the motion for relief from the judgment.

We further note that the deletion of the provisions of Paragraph 4 operates as no prejudice to Placer. The trial court specifically stated that its order striking Paragraph 4 would not preclude any party from seeking the relief originally contained in that paragraph.

The relevant issues having not been tried and there being no operative prejudice to Placer, we conclude that Placer has failed to show an abuse of discretion. We therefore uphold the order of the superior court striking Paragraph 4 from the judgment.

Affirmed.