Eric HOLDEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9797.

Court of Appeals of Alaska.

Dec. 7, 2007.

Eric Holden, in propria persona, Wasilla, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Joshua P. Fink, Public Advocate, Anchorage; Margi Mock, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Amici Curiae.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

The Alaska Legislature has enacted a statute of limitations, AS 12.72.020(a)(3)-(4), that sets time limits for filing a petition for post-conviction relief. The legislature has also declared that an indigent defendant who files an untimely petition for post-conviction relief is not entitled to the assistance of counsel at public expense. *See* AS 18.85.100(c).

The question presented to this Court is whether, when an indigent defendant files a petition for post-conviction relief that appears to be untimely under the rules set forth in AS 12.72.020, the Alaska Constitution nevertheless guarantees the defendant a limited right to counsel: the right to have a court-appointed lawyer investigate whether the defendant might be able to claim the benefit of one of the exceptions or tolling periods specified in that statute of limitations.

For the reasons explained here, we conclude that the Alaska Constitution does guarantee this limited right to counsel.

### Background facts

Eric Holden is an indigent prisoner who is currently attempting to litigate a petition for post-conviction relief in the superior court. In this petition, Holden seeks relief from his convictions for second-degree escape and fourth-degree assault.

This Court affirmed Holden's convictions on direct appeal in *Holden v. State*, Alaska App. Memorandum Opinion No. 4148 (November 10, 1999), 1999 WL 34002424. Holden's convictions became final on May 24, 2000, after the Alaska Supreme Court denied Holden's petition for hearing.[1]

1. *See* Appellate Rules 507(b) and 512(a)(2)[b].

Nearly six years later—on May 2, 2006—Holden filed his petition for post-conviction relief, accompanied by a request for court-appointed counsel to assist him in litigating this petition.

Under AS 12.72.020(a)(3)(A), if a defendant seeks direct appellate review of a criminal conviction, and the conviction is affirmed, any petition for post-conviction relief relating to that conviction must be filed within one year of the date of the final appellate court decision affirming the conviction. Because Holden did not file his petition for post-conviction relief until nearly six years after his conviction became final on appeal, the superior court dismissed Holden's petition for post-conviction relief as untimely under AS 12.72.020(a)(3)(A). And, based on the conclusion that Holden's petition was untimely, the superior court denied Holden's request for court-appointed counsel.

The question presented to this Court is whether, before the superior court ruled on the timeliness of Holden's petition, Holden was entitled to have an attorney appointed at public expense for the limited purpose of investigating whether Holden might be able to claim the benefit of one of the exceptions or tolling periods listed in AS 12.72.020.

*Why we conclude that the Alaska Constitution guarantees this limited right to counsel*

In *Grinols v. State*, 74 P.3d 889, 894 (Alaska 2003), the Alaska Supreme Court ruled that indigent defendants have a constitutional right (under the due process clause of the Alaska Constitution) to the assistance of counsel when litigating a first petition for post-conviction relief. However, as explained above, the Alaska Legislature has declared that these indigent defendants have no right to counsel if their petitions are untimely under AS 12.72.020.

The *Grinols* decision does not address the question of whether the constitutional right to counsel extends even to defendants who fail to file their petitions for post-conviction relief within the time limits established in AS 12.72.020. Indeed, if a defendant's petition is

truly time-barred, there would seemingly be nothing for an attorney to litigate.

But in cases where either the State or the superior court identifies a defendant's petition as time-barred, the defendant has a crucial need for the assistance of counsel. This need arises during the litigation of the timeliness issue—for if the defendant loses this issue, the litigation is over.

More than thirty years ago, in *Donnelly v. State*, 516 P.2d 396 (Alaska 1973), the Alaska Supreme Court confronted a similar right-to-counsel issue arising from a different aspect of post-conviction relief law.

In *Donnelly*, the supreme court was forced to address a problem created by their earlier decision in *Nichols v. State*, 425 P.2d 247 (Alaska 1967). *Nichols* held that an indigent defendant seeking post-conviction relief was entitled to counsel at public expense to assist them at the evidentiary hearing on their petition. *Id.* at 255. The following year (1968), the holding in *Nichols* was codified in former Criminal Rule 35(f) (enacted by Supreme Court Order No. 98, page 12):

> *Indigent Applicant.* If the applicant [for post-conviction relief] is indigent, [and] the court determines that the application shall not be summarily disposed of on the pleadings and [the existing] record . . ., but that the issues raised by the application require an evidentiary hearing, counsel shall be appointed to assist [the] indigent applicant[.]

Thus, after the decision in *Nichols* and the enactment of Criminal Rule 35(f), Alaska law clearly provided that an indigent petitioner for post-conviction relief was entitled to the assistance of counsel at public expense—but only after the trial court concluded that the petition presented a prima facie case for relief.

In *Donnelly*, the supreme court acknowledged that Criminal Rule 35(f) did not go far enough—that this rule was unlawful to the extent that it conditioned a defendant's right to counsel on the trial court's preliminary determination that the defendant's petition raised issues of arguable merit.

The supreme court explained that, because a petition for post-conviction relief can be dismissed on the pleadings, or on a motion for summary judgement, petitioners need the assistance of counsel when formulating and investigating their claims for relief:

> It may be necessary, in order to develop genuine issues, for the prisoner making [an] application [for post-conviction relief] to prepare supplemental pleadings and to participate in the discovery procedures permitted under the rule. It is therefore essential that [the prisoner] be represented by competent counsel in the event that he is unable to afford an attorney. Only the [assistance] of counsel will assure that meritorious claims will be fairly presented and full advantage taken of the procedures and investigation contemplated by the rule. . . . Because [post-conviction relief law] requires [the] development of genuine issues of fact in order to merit an evidentiary hearing, the [right to] counsel . . . must be extended to require representation at the time the initial application is filed.

*Donnelly*, 516 P.2d at 399.

In other words, as this Court noted in *Grinols*, the supreme court held in *Donnelly* "that defendants [are] entitled to the assistance of counsel, not just in litigating petitions that survive [ ] summary dismissal, but also during the initial preparation and investigation of a post-conviction relief case."[2]

We now return to the situation presented in Holden's case.

Because of the time limitations set forth in AS 12.72.020, and because AS 18.85.100(c) denies the assistance of counsel to defendants who are pursuing time-barred petitions for post-conviction relief, when an indigent defendant files a petition for post-conviction relief that is arguably time-barred, the defendant faces a situation similar to the one that confronted the indigent petitioner in *Donnelly*. The law gives the defendant a right to the assistance of counsel at public expense, but this right is conditioned on obtaining a favorable ruling from the trial court on the timeliness issue. That is, the defendant is

---

2.  *Grinols*, 10 P.3d at 622.

entitled to the assistance of counsel only if they first convince the trial court that their petition is timely under the provisions of the statute.

Resolution of the timeliness issue can involve considerably more than a simple comparison of calendar dates.

Under AS 12.72.020(a)(3)(A), the timeliness of a petition for post-conviction relief hinges on the date of "the entry of judgment of ... conviction" or, if an appeal was filed, the date on which "the [appellate] court's decision [became] final under the Alaska Rules of Appellate Procedure". The determination of these dates requires an understanding of, and sometimes a legal interpretation of, various provisions of the Alaska Criminal Rules and the Alaska Appellate Rules.

Moreover, AS 12.72.020(b) codifies several exceptions to the limitation periods specified in AS 12.72.020(a)(3) and (a)(4). It is readily foreseeable that there will be situations where legal expertise will be needed to understand and apply these exceptions.

For these reasons, we conclude that an indigent defendant pursuing a first petition for post-conviction relief is entitled to the assistance of counsel for the purpose of assessing (and arguing) whether the petition is timely.

Our ruling on this issue was foreshadowed by our decision in *One v. State*, 127 P.3d 853 (Alaska App.2006).

In *One*, we confronted a situation where an attorney appointed to represent a petitioner for post-conviction relief sought permission to withdraw and filed a certificate of "no arguable merit" under Criminal Rule 35.1(e)(2).[3] This certificate was based on the attorney's assertion that all of the petitioner's claims were time-barred—and that, therefore, there was no point in investigating the underlying merit of those claims. *One*, 127 P.3d at 853–54.

We held that, in such circumstances—that is, "[w]hen ... an attorney appointed to represent an indigent petitioner for post-conviction relief concludes that the petition stands

or falls on the issue of whether it is barred by one of the limitation periods codified in AS 12.72.020(a)(3)"—the attorney is obliged to "investigate potential defenses to the limitation period" and, if that investigation yields "no colorable defense to the limitation period", then the attorney's "no arguable claims" certificate "must fully explain the attorney's investigation, and the results of that investigation, to the superior court". *Id.* at 856.

Our decision in *One* was grounded on our earlier decision in *Griffin v. State*, 18 P.3d 71 (Alaska App.2001). In *Griffin*, we held that even though an attorney appointed to represent an indigent petitioner for post-conviction relief might properly move to withdraw from the case if the petitioner had no arguable claim for relief, the petitioner's constitutional right to zealous representation would not be adequately protected unless the attorney's "no arguable merit" certificate contained "a full explanation of all the claims the attorney ha[d] considered and why the attorney ha[d] concluded that these claims [were] frivolous". *Griffin*, 18 P.3d at 77.

In *One*, we applied *Griffin* to a particular recurring situation: the situation where a court-appointed attorney files a request to withdraw under Criminal Rule 35.1(e)(2)(C) after concluding that all of the petitioner's claims are frivolous because they are time-barred. For present purposes, the crucial aspect of our decision in *One* is our conclusion that *Griffin* requires attorneys to give a full explanation of their statute-of-limitations analysis in this situation.

Our conclusion in *One* was implicitly premised on the idea that an indigent petitioner for post-conviction relief is entitled to the zealous assistance of counsel when litigating the issue of the petition's timeliness.

■ We now expressly affirm this implicit premise: When an indigent defendant's first petition for post-conviction relief is challenged as time-barred under AS 12.72.020, the defendant has a constitutional right to the assistance of counsel when responding to that challenge.

---

**3.** See *Griffin v. State*, 18 P.3d 71, 75 (Alaska App.2001), where this Court interpreted Criminal Rule 35.1(e) to require an assertion that all of the petitioner's potential claims had no arguable merit.

## Conclusion

The two decisions of the superior court (refusing to appoint counsel to represent Holden, and dismissing his petition for post-conviction relief as time-barred) are RE-VERSED. The superior court shall re-open Holden's petition for post-conviction relief, and the superior court is directed to appoint counsel to represent Holden for the limited purpose of assessing and, if necessary, litigating whether his petition for post-conviction relief is time-barred under AS 12.72.020.

We do not retain jurisdiction of this case.