Timothy G. ALEX, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10101.

Court of Appeals of Alaska.

June 26, 2009.

71.   932 P.2d 256, 263 (Alaska 1997).

Daniel Lowery, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

In this case, we are asked to construe a clause of the statute of limitations that governs petitions for post-conviction relief. According to AS 12.72.020(a)(3)(A), if a criminal defendant is convicted and then unsuccessfully appeals their conviction, any subsequent petition for post-conviction relief must be filed within "one year after the [appellate] court's decision is final under the Alaska Rules of Appellate Procedure".

Timothy G. Alex was convicted of weapons offenses. This Court affirmed Alex's convictions in a decision issued on January 13, 2006. *See Alex v. State,* 127 P.3d 847 (Alaska App.2006). We subsequently denied rehearing on February 16, 2006. Alex then filed a petition for hearing, asking the Alaska Su-

preme Court to review our decision. *See Alex v. State,* File No. S–12250. The supreme court denied Alex's petition for hearing on July 24, 2006.

Alex filed a petition for post-conviction relief in the superior court on August 22, 2007. Because approximately thirteen months (*i.e.,* more than one year) had elapsed since the Alaska Supreme Court denied Alex's petition for hearing, the superior court dismissed Alex's petition for post-conviction relief as untimely under AS 12.72.020(a)(3)(A).

■ In this appeal, Alex argues that our decision of his direct appeal did not become "final" when the supreme court denied his petition for hearing. Alex notes that, under United States Supreme Court Rule 13(1), he had 90 days to seek *certiorari* relief from the Supreme Court, counting from the day that the Alaska Supreme Court issued its order denying his petition for hearing. Although Alex did not actually file a petition for *certiorari* in the United States Supreme Court, he argues that the decision of his direct appeal was not "final" until those 90 days expired.

Alex relies exclusively on federal post-conviction relief law to support his argument. The pertinent portion of the federal habeas corpus statute, 28 U.S.C. § 2255(f)(1), declares that a federal defendant's petition for a writ of habeas corpus must be filed within one year of "the date on which the [defendant's] judgment becomes final". In *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003), the Supreme Court held that, for purposes of this statute, when a federal criminal defendant pursues an unsuccessful appeal to the circuit court of appeals, the defendant's judgement becomes final when the Supreme Court "affirms [the] conviction on the merits [following a grant of certiorari,] or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay,* 537 U.S. at 527, 123 S.Ct. at 1076.

At first blush, *Clay* might be read to support Alex's argument that the one-year limitation period for seeking post-conviction relief should not begin running until the time for seeking *certiorari* review has expired. But *Clay* involved a federal post-conviction

relief statute that applies only to defendants prosecuted in the federal criminal system. Thus, the holding in *Clay* was based on, and concerned only, the rules of federal appellate procedure.

Alex was prosecuted under Alaska criminal law, and he is seeking post-conviction relief under Alaska law. Thus, the question is not how 28 U.S.C. § 2255 should be interpreted, but rather how AS 12.72.020(a)(3)(A) should be interpreted.

AS 12.72.020(a)(3)(A) declares that, if a defendant has pursued an unsuccessful appeal of their conviction, any petition for post-conviction relief must be filed within one year after the appellate court's decision "is final under the *Alaska Rules of Appellate Procedure.*" (Emphasis added)

Under Alaska Appellate Rules 507(b) and 512(a) (read in conjunction), a decision of this Court becomes final either (1) on the day after the time for petitioning the Alaska Supreme Court for discretionary review expires (if no petition is filed), or (2) on the day after the Alaska Supreme Court resolves the petition for discretionary review.

Specifically, under Appellate Rule 507(b), a judgment issued by an appellate court takes effect, and full jurisdiction over the case returns to the trial court, on the day specified in Appellate Rule 512(a) for return of the record to the trial court (unless the appellate court orders otherwise). Appellate Rule 512(a) contains four provisions defining the day on which the record is to be returned to the trial court in cases decided by this Court.

First, if no party files a timely petition for hearing in the supreme court, the record is to be returned to the trial court on the day after the time for filing a petition for hearing expires. Second, if a timely petition for hearing is filed and the supreme court denies the petition, the record is to be returned on the day after the petition for hearing is denied. Third and fourth, if a petition for hearing is granted, and the supreme court decides the merits of the case, the record is to be returned on the day after the time for seeking rehearing of the supreme court's decision expires—or, if a petition for rehearing

is filed, on the day after the supreme court resolves the petition for rehearing.

Alex's case is governed by the second of these provisions. Alex filed a petition for hearing, asking the supreme court to review this Court's decision in his case, and the supreme court denied that petition. Thus, under the Alaska Appellate Rules, this Court's decision of Alex's appeal became final on the day after the supreme court denied his petition for hearing—in other words, on July 25, 2006.

We note that, in prior decisions, we have repeatedly and consistently applied these rules for determining when a decision of this Court becomes final. *See Holden v. State,* 172 P.3d 815, 816 & n. 1 (Alaska App.2007); *Hykes v. State,* Alaska App. Memorandum Opinion No. 4816 (January 14, 2004), 2004 WL 61226 at *9; *Elsey v. State,* Alaska App. Memorandum Opinion No. 4385 (May 2, 2001), 2001 WL 456089 at *1; *Alexander v. State,* Alaska App. Memorandum Opinion No. 4346 (January 31, 2001), 2001 WL 81794 at *1; *Reakoff v. State,* Alaska App. Memorandum Opinion No. 3816 (May 6, 1998), 1998 WL 224919 at *2 n. 1. *See also State v. Superior Court,* 40 P.3d 1239, 1240 n. 2 (Alaska App.2002); *Johnson v. State,* Alaska App. Memorandum Opinion No. 4522 (January 16, 2002), 2002 WL 54626 at *1.

We also note that these rules for determining when a decision of this Court becomes final are, in essence, the state law analog of the federal law that Alex cites in his brief.

Under Alaska law, a convicted criminal defendant has an appeal of right to this Court; and if this Court decides the case adversely to the defendant, the defendant may then petition the Alaska Supreme Court to exercise its power of discretionary review. As we have just explained, if this Court affirms the judgement of the trial court, that judgement becomes final (1) when the time for petitioning the supreme court expires (if no petition for discretionary review is filed) or (2) when the supreme court resolves the petition for discretionary review (by either granting the petition and ruling on the merits, or by denying the petition outright).

These are the same rules that apply to federal criminal defendants under 28 U.S.C. § 2255 as interpreted in *Clay v. United States*. A convicted federal criminal defendant has an appeal of right to the federal circuit court of appeals; and if the circuit court of appeals decides the case adversely to the defendant, the defendant may then petition the United States Supreme Court to exercise its power of discretionary review by issuing a writ of *certiorari*. If the circuit court of appeals affirms the judgement of the federal trial court, that judgement becomes final (1) when the time for petitioning the Supreme Court for a writ of *certiorari* expires (if no petition is filed) or (2) when the Supreme Court resolves the petition for writ of *certiorari*. *Clay*, 537 U.S. at 527, 123 S.Ct. at 1076.

Returning to the facts of Alex's case, and applying the rules set forth in Alaska Appellate Rules 507(b) and 512(a), our decision of Alex's direct appeal became final on July 25, 2006—on the day after the Alaska Supreme Court denied Alex's petition for hearing. Alex therefore had until July 25, 2007 to file his petition for post-conviction relief. (Under the normal rule for computing a time period, one does not count the day of the event that triggers the running of the time.) [1] Alex did not file his petition for post-conviction relief until August 22, 2007. Accordingly, the superior court correctly ruled that Alex's petition was filed more than one year after his underlying criminal judgement became final.

Normally, we would simply affirm the superior court's dismissal of Alex's petition as untimely. However, Alex's case presents one more issue.

■ In his petition for post-conviction relief, Alex suggests that his prior attorney may have given him ineffective assistance, either by dissuading him from seeking post-conviction relief in state court, or by failing to file a petition for post-conviction relief in state court even though Alex asked the attorney to do this. Instead, Alex filed a petition for habeas corpus relief in federal court—a petition that either was, or likely will be, dismissed because Alex failed to exhaust his remedies under Alaska law.

If these suggestions are borne out, Alex might reasonably contend that his current petition for post-conviction relief in state court should be deemed timely under the doctrine of equitable tolling.[2]

Alex's public defender notes this issue in his brief to this Court, but the public defender did not litigate this issue in the superior court, nor does he seek to litigate it now. Rather, Alex's public defender asks this Court to appoint *another* attorney to help Alex litigate this issue.

The reason for the public defender's curious litigation strategy is AS 18.85.100(c)(1), the statute that prohibits the Public Defender Agency from representing indigent defendants in "an untimely or successive application for post-conviction relief". Apparently, Alex's public defender concluded that, once the superior court ruled that Alex's petition was untimely, the Agency was then barred from doing anything further for Alex—even if there might be a legally sufficient explanation or excuse for the untimeliness of Alex's petition. This conclusion was wrong.

Shortly after the superior court dismissed Alex's petition for post-conviction relief, this Court issued our decision in *Holden v. State*, 172 P.3d 815 (Alaska App.2007). In *Holden*, we held that "[w]hen an indigent defendant's first petition for post-conviction relief is challenged as time-barred under AS 12.72.020, the defendant has a constitutional right to the assistance of counsel when responding to that challenge". *Id.* at 818. This right to

---

1. *See* AS 01.10.080; *Fields v. Fairbanks North Star Borough*, 818 P.2d 658, 660 (Alaska 1991); *Alaska Christian Bible Institute v. State*, 772 P.2d 1079, 1080–81 (Alaska 1989); *Reed v. Anchorage*, 741 P.2d 1181, 1185 (Alaska 1987); *Nickels v. State*, 545 P.2d 163, 165 (Alaska 1976); *Wade v. Dworkin*, 407 P.2d 587, 589 (Alaska 1965); *Lowe v. Hess*, 10 Alaska 174, 181 (D.Alaska. Terr. 1941).

2. *See Beegan v. Alaska Department of Transportation*, 195 P.3d 134, 141–42 (Alaska 2008); *Solomon v. Interior Regional Housing Authority*, 140 P.3d 882, 884–85 (Alaska 2006); *Fred Meyer of Alaska v. Bailey*, 100 P.3d 881, 886 (Alaska 2004).

the assistance of counsel applies not only to the litigation of when the defendant's judgement became final, but also to the litigation of whether there is an applicable exception to the statute of limitations. *Id.*

The remaining question is whether the Public Defender Agency is authorized to provide the assistance of counsel guaranteed in *Holden.* As explained above, AS 18.85.100(c)(1) prohibits the Public Defender Agency from representing indigent defendants in "an untimely ... application for post-conviction relief". But as we noted in *Holden,* resolution of whether a petition for post-conviction relief is timely or untimely "involve[s] ... more than a comparison of calendar dates". 172 P.3d at 818. It also involves an assessment of whether the defendant might be entitled to claim an exception to the normal limitation period. *Id.*

We therefore hold that, in cases where a defendant claims that there is a reason to toll the normal period of limitation or to otherwise exempt the defendant from the normal period of limitation, the defendant's petition for post-conviction relief is not "untimely" for purposes of AS 18.85.100(c)(1) until that claim is resolved against the defendant. This means that the Public Defender Agency is authorized to represent the defendant in the litigation of such a claim.

Accordingly, even though we affirm the superior court's ruling that Alex's petition for post-conviction relief was filed more than one year after his underlying criminal judgement became final, we VACATE the superior court's order of dismissal, and we REMAND this case to the superior court for further proceedings on the question of whether Alex may be entitled to an exception to the normal one-year period of limitation. The Public Defender Agency shall continue to represent Alex in those proceedings.

We do not retain jurisdiction of Alex's case.