Steven CLEVELAND, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10236.

Court of Appeals of Alaska.

Oct. 8, 2010.

As Amended on Rehearing Oct. 29, 2010.

Andrew Steiner, Bend, Oregon, Doug Miller, Assistant Public Advocate, and Rachel Levitt, Public Advocate, Anchorage, for the Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Steven Cleveland appeals the dismissal of his application for post-conviction relief, arguing that the statute of limitations that applied to his application was extended because he had filed a motion to correct an illegal sentence before the appeal from his conviction was concluded. We conclude that the statute of limitations was not extended by the pendency of Cleveland's motion to correct an illegal sentence. We also conclude that the superior court did not commit plain error by failing to consider issues that Cleveland did not raise in the court below, including the doctrine of equitable tolling and his due process right of access to the courts.

### Background

Steven Cleveland was convicted of second-degree assault and second-degree sexual assault. Cleveland appealed, and this court affirmed his convictions and his sentence.[1]

1. *Cleveland v. State,* 91 P.3d 965 (Alaska App. 2004).

2. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

His petition for hearing to the Alaska Supreme Court was denied on August 26, 2004.

While Cleveland's petition for hearing was pending before the supreme court, the United States Supreme Court issued its decision in *Blakely v. Washington.*[2] On August 19, 2004 (before the supreme court denied his petition), Cleveland filed a motion in the superior court under Alaska Criminal Rule 35(a), in which he argued that his sentence was illegal because the sentencing judge had relied on aggravating factors that were not submitted to a jury or proven beyond a reasonable doubt. The trial court denied Cleveland's motion on January 27, 2005. This court affirmed the trial court's order,[3] and Cleveland did not seek further review.

On April 10, 2007, Cleveland filed a pro se application for post-conviction relief, in which he alleged that he received ineffective assistance from his original trial counsel. Newly appointed counsel then filed an amended application for post-conviction relief in December. The amended application also alleged that trial counsel had been ineffective in handling Cleveland's direct appeal.

The State moved to dismiss the application for post-conviction relief as untimely. The State argued that the action was barred by the one-year statute of limitations contained in AS 12.72.020(a)(3)(A), because Cleveland's conviction became final on August 26, 2004, when the Alaska Supreme Court denied his petition for hearing, but Cleveland did not file his post-conviction relief action until April 10, 2007. In response, Cleveland argued that the limitation period should have been tolled while he pursued his motion to correct an illegal sentence. The superior court granted the State's motion to dismiss, ruling that the motion did not toll the statute of limitations that applied to the application for post-conviction relief.

Cleveland now appeals.

3. *Cleveland v. State,* 143 P.3d 977 (Alaska App. 2006).

### Discussion

■ This case requires us to interpret AS 12.72.020(a)(3), a statute of limitations that applies to an application for post-conviction relief. When we interpret a statute, we "consider its language, its purpose, and its legislative history, in an attempt to give effect to the legislature's intent, with due regard for the meaning the statutory language conveys to others."[4]

■ The statute in question provides that if a criminal defendant unsuccessfully appeals their conviction, any post-conviction action must be filed within "one year after the court's decision is final under the Alaska Rules of Appellate Procedure."[5] Under the rules of appellate procedure, an appellate decision of this court becomes final when the time expires for filing a petition for hearing, or if a petition is filed, on the day after the Alaska Supreme Court resolves the petition.[6] This interpretation of the appellate rules is consistent with numerous prior decisions determining when a decision of this court becomes final.[7]

This construction of the statute is consistent with the purpose of the statute as expressed in its legislative history. AS 12.72.020 was included in House Bill 201, enacted in 1995.[8] In the governor's transmittal letter proposing this legislation, he explained that the purpose of the bill was to "promote the finality of convictions, preserve the sanctity of jury verdicts, minimize the litigation of stale claims, and prevent the unjustified dismissal of a criminal case when reprosecution is not possible."[9] The governor also stated that the bill was intended to "set limits on the ability of prisoners to challenge their convictions years after they have already pursued normal appellate procedures and lost."[10]

■ Cleveland argues that the statute is tolled during the pendency of a motion to correct an illegal sentence. But there is nothing in the language of the statute that supports Cleveland's interpretation. The legislature specifically provided for exceptions to the statute of limitations when an applicant suffers from a mental or physical disability, when a state agent physically interferes with a timely claim, and when the application is based on newly discovered evidence.[11] None of these exceptions is triggered by the filing of a motion to correct an illegal sentence.

There is likewise nothing in the appellate rules that suggests that the deadline for an application for post-conviction relief is extended by a motion to correct an illegal sentence. In other circumstances, the rules are explicit when a post-judgment request extends or tolls the period for post-judgment review.[12] In particular, a motion to correct an illegal sentence will extend the time limit for an appeal from a criminal conviction.[13] But there is nothing in the appellate rules that affects the deadline for filing an application for post-conviction relief.

Cleveland's construction would also be contrary to the intent of the statute as expressed in the legislative history. A motion to correct an illegal sentence may be filed "at any time."[14] If such a motion extended the deadline for an application for post-conviction relief, then this deadline would also be extended indefinitely. This construction would

---

**4.** *Alyeska Pipeline Serv. Co. v. State, Dep't of Envtl. Conservation,* 145 P.3d 561, 566 (Alaska 2006) (quoting *Alyeska Pipeline Serv. Co. v. DeShong,* 77 P.3d 1227, 1234 (Alaska 2003)).

**5.** AS 12.72.020(a)(3)(A).

**6.** *See Alex v. State,* 210 P.3d 1225, 1227 (Alaska App.2009) (interpreting Alaska Appellate Rules 507(b) & 512(a)).

**7.** *Id.* (citing cases).

**8.** *See* Ch. 79, § 9, SLA 1995.

**9.** 1995 House Journal 489.

**10.** 1995 House Journal 490.

**11.** *See* AS 12.72.020(b)(1)–(2).

**12.** *See* Alaska R.App. P. 204(a)(3) (listing motions that extend the time for filing appeals in civil cases); Alaska R.App. P. 204(a)(4) (listing motions that extend the time for filing appeals in criminal cases).

**13.** Alaska R.App. P. 204(a)(4).

**14.** Alaska R.Crim. P. 35(a).

be contrary to the purposes of the statute to "promote the finality of convictions" and "minimize the litigation of stale claims."[15]

We accordingly conclude that an appellate decision affirming a criminal conviction becomes final on the day after the Alaska Supreme Court denies a petition for hearing from this court.[16] The decision affirming Cleveland's conviction became final on August 27, 2004. Cleveland did not file his application for post-conviction relief until April 10, 2007. His application was untimely because it was filed more than one year after the appellate decision was final.

On appeal, Cleveland argues that the statute of limitations is subject to equitable tolling. He did not raise this issue in the trial court, so he must show plain error before we will consider it.[17] In other words, Cleveland must establish that the trial court's failure to consider equitable tolling was "so obvious that any competent judge or attorney would have recognized it."[18]

The cases Cleveland cites suggest that he is relying on a theory of equitable tolling that applies when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."[19] This theory of equitable tolling has never previously been accepted by the Alaska courts.[20] And Cleveland asserts no extraordinary circumstances that prevented him from filing during the statutory period.[21] We conclude that the trial court's failure to apply equitable tolling was not plain error.

In one of the headings in his brief, Cleveland also asserts that the statute of limitations should be extended under the doctrine of equitable estoppel. But he cites no legal authority discussing this theory.[22] Cleveland has abandoned this issue by his failure to submit an adequate argument on appeal.[23]

Cleveland also argues that the statute of limitations on post-conviction claims violates his right to due process of law. He did not raise this issue in the superior court, so he must show plain error before we will decide this claim.

A statute of limitations that deprives a litigant of access to the courts may violate due process.[24] But this right of access "is ordinarily implicated only when a legislative enactment or governmental action erects a direct and 'insurmountable barrier' in front of the courthouse doors."[25] For example, a civil plaintiff's right of access is not unconstitutionally burdened by a rule prohibiting their lawyer from loaning them money for living expenses, since that rule does not prohibit the plaintiff from filing suit.[26]

There was no plain or obvious due process violation here. Cleveland's motion to correct an illegal sentence did not affect the claims of ineffective assistance of counsel that he now seeks to raise in his post-conviction applica-

---

**15.** 1995 House Journal 489.

**16.** *See Alex,* 210 P.3d at 1227.

**17.** *Kaiser v. Umialik Ins.,* 108 P.3d 876, 881 (Alaska 2005).

**18.** *Simon v. State,* 121 P.3d 815, 820 (Alaska App.2005).

**19.** *Brambles v. Duncan,* 330 F.3d 1197, 1202 (9th Cir.2003) (quoting *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999)), *cert. granted, judgment vacated, Adams v. Brambles,* 542 U.S. 933, 124 S.Ct. 2903, 159 L.Ed.2d 808 (2004).

**20.** *See Kaiser,* 108 P.3d at 882.

**21.** *Id.* (explaining that equitable tolling may be based on legal barriers preventing access to the court or extraordinary events like wars); *Spitsyn v. Moore,* 345 F.3d 796, 800–01 (9th Cir.2003) (allowing equitable tolling for egregious performance of appointed counsel).

**22.** *See generally Kaiser,* 108 P.3d at 880 (discussing the proof required for this type of claim).

**23.** *See Barios v. Brooks Range Supply, Inc.,* 26 P.3d 1082, 1088 (Alaska 2001) (explaining that an issue given only cursory treatment in the argument section of a brief will not be considered on appeal).

**24.** *See Sands ex rel. Sands v. Green,* 156 P.3d 1130, 1135 (Alaska 2007).

**25.** *Id.* at 1134 (citing *Varilek v. City of Houston,* 104 P.3d 849, 853–55 (Alaska 2004)).

**26.** *In re K.A.H.,* 967 P.2d 91, 95–96 (Alaska 1998).

tion. Cleveland had all the information he needed to raise these post-conviction claims after his initial appeal was completed. There was thus no "insurmountable barrier" that prevented Cleveland from bringing his post-conviction application within the period provided by the statute of limitations.

### Conclusion

We therefore AFFIRM the superior court's order dismissing the application for post-conviction relief.

MANNHEIMER, Judge, concurring.

I write separately because my analysis of this case differs somewhat from the analysis presented in the lead opinion.

The underlying legal issue in this case is how to interpret the wording of AS 12.72.020(a)(3), a statute of limitations that imposes deadlines for filing a petition for post-conviction relief.

With respect to petitions for post-conviction relief that relate to a defendant's underlying criminal conviction, the pertinent portion of AS 12.72.020(a)(3)(A) declares that "if the conviction was appealed, [the petition for post-conviction relief can be filed no later than] one year after the court's decision is final under the Alaska Rules of Appellate Procedure." [1] Our task in this appeal is to ascertain the meaning of the clause, "after the court's decision is final under the Alaska Rules of Appellate Procedure".

As explained in Judge Bolger's lead opinion, Cleveland filed a direct appeal of his criminal convictions. This Court affirmed those convictions on May 28, 2004; see *Cleveland v. State*, 91 P.3d 965 (Alaska App.2004). Cleveland then filed a petition for hearing, asking the Alaska Supreme Court to review our decision.

Under the Alaska Appellate Rules, the fact that Cleveland filed a timely petition for hearing meant that this Court's decision would not become final until the day after the supreme court resolved Cleveland's petition for hearing. *See* Appellate Rules 507(b) and 512(a)(2). The supreme court denied Cleveland's petition on August 26, 2004.[2] Thus, under the Alaska Appellate Rules, this Court's decision (*i.e.*, our decision resolving Cleveland's direct appeal of his criminal convictions) became final on Friday, August 27, 2004.

Seemingly, then, AS 12.72.020(a)(3)(A) gave Cleveland one year—until the close of business on Monday, August 29, 2005—to seek post-conviction relief relating to his criminal convictions.[3] Cleveland's petition for post-conviction relief was not filed until April 2007—substantially after this deadline.

But the conclusion that Cleveland's petition was filed too late rests on the premise that, when AS 12.72.020(a)(3)(A) speaks of "the court's decision [being] final under the Alaska Rules of Appellate Procedure", the statute is referring to the finality of the *appellate* court's decision. Cleveland argues that this statutory language means something different—that it refers to the finality of the *trial* court's decision.

If the statute were interpreted as Cleveland suggests, this might mean that Cleveland's petition for post-conviction relief was timely.

As explained in Judge Bolger's lead opinion, Cleveland re-opened the trial court proceedings in August 2004 by filing a motion to correct illegal sentence (a motion based on the United States Supreme Court's just-issued decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)). The superior court denied Cleveland's sentence-correction motion toward the end of January 2005, and this Court affirmed

---

1. The statute makes an exception for petitions that attack an allegedly illegal sentence. According to the statute, "there is no time limit on [such] claim[s]."

2. See "Order" dated August 26, 2004, in *Cleveland v. State*, Supreme Court File No. S–11513.

3. See AS 01.10.080, which provides that "[t]he time in which an act ... is required to be done is computed by excluding the first day and including the last". Under this rule, Cleveland's one-year period for seeking post-conviction relief would have expired on August 27, 2005, but for the fact that August 27, 2005 fell on a Saturday. Because of this, Cleveland had until the following Monday, August 29th.

the superior court's decision on August 25, 2006. *See Cleveland v. State,* 143 P.3d 977 (Alaska App.2006). Cleveland did not petition the supreme court to review our decision—so, under the Alaska Appellate Rules, our decision in this sentence-correction litigation became final on Tuesday, September 12, 2006 (the day after the 15–day time limit for petitioning the supreme court expired). *See* Appellate Rules 303(a)(1); 502(a).

Cleveland argues that, because he pursued a motion to correct his allegedly illegal sentence, the superior court's judgement against him was effectively re-opened during the litigation of that motion. In other words, Cleveland contends that the superior court's judgement lost its previous finality, and that the judgement did not become final again until (1) the superior court resolved Cleveland's sentence-correction motion and (2) the superior court's ruling was affirmed on appeal. If this argument is correct, then Cleveland had one year from September 12, 2006 to file his petition for post-conviction relief—and he met this deadline by filing his petition in April 2007.

For two separate reasons, I conclude that Cleveland's proposed interpretation of AS 12.72.020(a)(3) is mistaken.

My first reason is that Cleveland's interpretation of the statute is contrary to the wording and legislative history of the statute.

AS 12.72.020(a)(3)(A) speaks of a court's decision being final "under the Alaska Rules of Appellate Procedure". The Appellate Rules—specifically, Rules 507(b) and 512—provide rules for determining when an *appellate* court's decision becomes final, but the Appellate Rules do not define when a *trial* court's decision becomes final. Indeed, most appellate proceedings (all except the interlocutory petitions allowed under Appellate Rules 402 and 404) are premised on the fact that the trial court's decision is *already* final when the appeal commences.

This is because a litigant's right to pursue an appeal does not arise until the lower court issues its final judgement or order.[4] Although the effect or enforcement of that final judgement or order may be stayed (in whole

or in part) while the case is on appeal, the trial court's judgement or order is indeed "final" during the pendency of the appeal—because, if the trial court's decision were not final, the litigants would not be able to pursue the appeal.

Thus, when AS 12.72.020(a)(3)(A) speaks of "the court's decision [becoming] final under the Alaska Rules of Appellate Procedure", this clause appears to refer to the appellate court's decision.

This reading of the statute is supported by the legislative history of AS 12.72. Chapter 72 of Title 12 was enacted in 1995 as a thorough-going revision of the law governing petitions for post-conviction relief. *See* SLA 1995, ch. 79, § 9, which originated as House Bill 201 (19th Legislature). During the House Judiciary Committee's consideration of this bill, Deputy Attorney General Laurie Otto explained the intent of AS 12.72.020(a)(3). Ms. Otto told the Committee:

> [I]t is [appropriate] to say [to criminal defendants] that, at some point, you should not be able to appeal over and over … again, [and] that you have to put your issues together in one appeal. It is appropriate to say that if you are going to file a post-conviction relief action, which [effectively] is a second round of appeals …, you have to do it within two years of the date of the conviction *or within one year of the date that your appeal was decided.*

Minutes of the House Judiciary Committee for April 10, 1995, Tape 95–43, Side A, log number 720 (emphasis added).

My second reason for rejecting Cleveland's interpretation of the statute is that his interpretation runs counter to a series of supreme court decisions construing the effect of a motion for relief from judgement under Alaska Civil Rule 60(b).

Like Criminal Rule 35(a), which allows either party to ask the trial court to re-examine an earlier judgement on the ground that the sentence is illegal, Civil Rule 60(b) allows the parties to ask the trial court to re-examine an earlier judgement on various factual

**4.** *See State v. Walker,* 887 P.2d 971, 973–74 (Alaska App.1994).

and legal grounds. And just as there is no time limit for filing a motion to correct an illegal sentence, there is no fixed time limit for seeking relief under Civil Rule 60(b)(4), (b)(5), or (b)(6), other than the requirement that the motion be filed "within a reasonable time". A third similarity between Criminal Rule 35(a) and Civil Rule 60(b) is that, even though motions filed under these rules might be viewed as collateral attacks on the trial court's judgement, they are not treated as separate actions but rather are pursued as motions in the underlying court case.

One clause of Civil Rule 60(b) declares that a motion for relief from judgement under Rule 60(b) "does not affect the finality of [the] judgment or suspend its operation." In a series of cases beginning with *Wellmix, Inc. v. Anchorage*, 471 P.2d 408 (Alaska 1970), and *Alaska Placer Co. v. Lee*, 502 P.2d 128 (Alaska 1972), the Alaska Supreme Court—relying on this portion of Civil Rule 60(b)—has held that the filing of a Rule 60(b) motion does not restart the time for filing an appeal from the judgement. *Alaska Placer*, 502 P.2d at 131, *Wellmix*, 471 P.2d at 411.

Even though Civil Rule 60(b) motions are filed in the underlying case (rather than being treated as a separate case and assigned a new file number of their own), the litigation of a Civil Rule 60(b) motion is considered a separate litigation for purposes of appeal. If a party appeals the trial court's decision on the Rule 60(b) motion, the party can only seek review of issues arising from the litigation of the Rule 60(b) motion, and can not raise issues relating to the original litigation that led to the underlying judgement. *Alaska Placer*, 502 P.2d at 131, *Wellmix*, 471 P.2d at 411. In the words of our supreme court, "an appeal from a denial of a Rule 60(b) motion does not bring up the underlying judgment for review." *McCracken v. Davis*, 560 P.2d 771, 776 (Alaska 1977); *accord, Alaska Placer*, 502 P.2d at 131; *Wellmix*, 471 P.2d at 411.

The supreme court explained that "[i]f the rule were otherwise"—that is, "[if] one could appeal from a final judgment after the [normal] time [limit] had expired by utilizing a [Rule] 60(b) motion"—"this would circumvent the rule limiting the time within which ap-peals may be taken and would frustrate the sound policy of having finality in litigation." *Alaska Placer*, 502 P.2d at 131; *Wellmix*, 471 P.2d at 411.

*See also Lowe v. Severance*, 564 P.2d 1222, 1224 (Alaska 1977), and *Brown v. State*, 563 P.2d 275, 278 (Alaska 1977) (applying the same limitation to appeals of a trial court's denial of a motion for reconsideration).

As I explained earlier, Criminal Rule 35(a) operates in many respects like a motion for relief from judgement under Civil Rule 60(b). Like Civil Rule 60(b), Criminal Rule 35(a) provides an open-ended procedural mechanism for asking the superior court to re-examine an earlier judgement (on one specific ground: that a criminal sentence is illegal). Because of this, I believe that the same rules described in *Wellmix* and *Alaska Placer* also govern the litigation of Criminal Rule 35(a) motions.

I acknowledge that Alaska Appellate Rule 204(a)(4) identifies motions for "correction [of] a sentence under Criminal Rule 35" as one type of motion that tolls the deadline for filing an appeal in a criminal case—but only if the motion "[is] made within the 30–day period following the date shown on the clerk's certificate of distribution [contained] on judgment". In other words, a motion under Criminal Rule 35(a) tolls the time for filing an appeal in a criminal case only if the Rule 35(a) motion is filed before the litigant's normal 30–day deadline for filing an appeal expires. Cleveland's Rule 35(a) motion was filed long after the 30–day appeal deadline specified in Appellate Rule 204(a)(4).

For these reasons, I conclude that, with the possible exception of Rule 35(a) motions that are filed within the 30–day deadline specified in Appellate Rule 204(a)(4), the filing of a Criminal Rule 35(a) motion does not affect the finality of the underlying criminal judgement, nor does it restart the time for filing an appeal from that judgement. Although Cleveland was certainly entitled to appeal the superior court's resolution of his Criminal Rule 35(a) motion, the points he could pursue in that appeal were restricted to the issues raised during the litigation of his sentence-correction motion. He was not entitled to use that appeal as a vehicle for

raising challenges to the underlying criminal judgement.

Following this same reasoning, I conclude that the filing of a Criminal Rule 35(a) motion does not affect the finality of the underlying criminal judgement for purposes of AS 12.72.020(a)(3). That is, it does not affect the calculation of the time limit for filing a petition for post-conviction relief that attacks the underlying judgement.

For these two reasons, I interpret AS 12.72.020(a)(3) as referring to the finality of the appellate court's decision (as opposed to the trial court's decision), and why I join my colleagues in concluding that Cleveland's petition for post-conviction relief was time-barred.